INGRAM AND ANOTHER V. S. DRINKARD.

It has been heretofore determined that the Act of the 28th June, 1845, (Hart. Dig.
p. 502–3,) is, in none of its provisions, applicable to suits, other than suits
brought upon judgments rendered prior to its passage. (Harper v. Nichol, 13
Tex. R. 151; Clay v. Clay, Id. 195.)

Repeated decisions of this Court have settled, beyond a question, that to support
a recovery of interest, allowed by the law of another State, the law of. interest
under which the allowance is made, must be averred and proved.

Whether the proof of a fact be made to a Court or jury, if it be essential to the
plaintiff's right, it must appear in the statement of facts, if there be a statement
of facts.

It was pleaded in the defence, that the recovery of the judgment in Alabama had
been procured by the fraud of the plaintiff; and in setting out the facts and
circumstances connected with the recovery of the judgment, from which it was
proposed to deduce the conclusion that it was fraudulently obtained, the defend-
ants stated, in their plea, the matter which constituted the ground of the recov-
ery.   This, we think, they might well do, not for the purpose of bringing again
in litigation, the merits of the judgment, but for the purpose of connecting them
with other facts and circumstances from, which to deduce a conclusion as to the
character of the recovery, and the practices by which it was procured.

Appeal from Smith.   Suit by the appellee against appellants
on a judgment recovered in the State of Alabama, since An-
nexation.   It was objected by the defendant that a certified
copy of the judgment was not filed with the petition, nor a fee
of $25 paid for the use of the State, as required by the second
Section of the Act of June 28th, 1845.   The objection was
overruled.   The other facts will be found in the Opinion.

*B. T. Selman and A. J. Davis*, for appellants.

*J. C. Robertson*, for appellee.

WHEELER, J.   It has been heretofore determined that the
Act of the 28th of June, 1845, (Hart. Dig. p. 502–3,) is in none

of its provisions, applicable to suits, other than suits brought upon judgments rendered prior to its passage. (Harper v. Nichol, 13 Tex. R. 151 ; Clay v. Clay, Id. 195.) It therefore can have no application to the present case.

Repeated decisions of this Court have settled, beyond a question, that to support a recovery of interest, allowed by the law of another State, the law of interest under which the allowance is made, must be averred and proved. The statement of facts contains no proof of the rate of interest allowed by law upon judgments in the state of Alabama. And it is now too late to question, that whether the proof of a fact be made to the Court or jury, if it be essential to the plaintiff's right, it must appear in the statement of facts, if there be a statement of the facts. If there be none, it will be presumed, in support of the judgment, that the plaintiff made out, in proof, the case stated in his petition. But when the record contains a statement of the facts proved, there is no room for intendment, and can be none, that other facts were in evidence. On account of the defect of proof, therefore, the judgment must be reversed. But counsel, if they saw proper, might obviate this objection to the judgment by a *remittitur* of the interest ; which would authorize the rendition of judgment for the principal sum without the necessity of remanding the case, if in our opinion the judgment were otherwise legal and correct. But there is another objection to the judgment which will require that it be remanded.

It was pleaded in the defence, and it evidently was the only valid and available defence to the action, that the recovery of the judgment in Alabama had been procured by the fraud of the plaintiff ; and in setting out the facts and circumstances connected with the recovery of the judgment, from which it was proposed to deduce the conclusion that it was fraudulently obtained, the defendants stated, in their plea, the matters which constituted the ground of the recovery. This, we think, they might well do, not for the purpose of bringing again in litigation the merits of the judgment, but for the purpose of connecting them with other facts and circumstances from which to de-

duce a conclusion as to the character of the recovery, and the practices by which it was procured. That part of the plea was stricken out ; and in this, we think, there was error. The record of the suit in Alabama presents an unusual state of case; and all the facts and circumstances going to show the character of the judgment, and the manner in which it was obtained, ought, we think, to have been permitted to be brought before the jury to enable them to form a right judgment upon the issue presented for their decision.

Having stricken out a part of the plea, the Court, of course, excluded evidence, offered by the defendants in support of the averments contained in that portion of it which was stricken out. But if the plea had been permitted to stand, we think the evidence might have been properly admitted ; and its rejection may have operated to the prejudice of the defendants.

The true issue in the case, the question of fraud in obtaining the judgment, appears to have been less distinctly brought to view upon the trial, and presented for the consideration of the jury, than it might have been, if counsel had relied less on other matters, which evidently did not constitute a defence to the action upon the judgment sued on, and which were only entitled to be looked to, as circumstances calculated to throw light upon the true inquiry in the case.

We forbear comment upon the evidence, as the merits of the case may appear in a very different light, upon another trial. For the reasons indicated, we are of opinion that the judgment be reversed and the cause remanded.

Reversed and remanded.