### J. H. TOLBERT, ADMINISTRATOR, v. DAVE MCBRIDE.

#### No. 6347.

1. **Amendment—Formal Allegations.**—The omission of formal allegations in the original petition are amendable, and such amendment relates to the filing of the original petition.

2. **Same.**—See allegations held to be only formal, and to have related to the filing of the original when made in an amended petition.

3. **Practice—Impeaching Consideration of Note.**—The filing of a plea impeaching the consideration of a promissory note does not shift the burden upon the plaintiff producing the note. The note imports a consideration until otherwise shown.

4. **Practice—General Issue—Administrator.**—A general denial by an administrator does not put in issue the character in which he is sued. In absence of a special plea denying his official character the plaintiff was not required to prove that defendant was administrator as alleged.

5. **Rejection of Claim by Administrator—Evidence of.**—In absence of a plea of *non est factum,* an endorsement upon a claim rejecting it, and signed by a name identical with the defendant who is sued as the administrator upon such rejected claim, is deemed sufficient evidence of such rejection.

APPEAL from Wilbarger. Tried below before Hon. P. M. Stine.

May 18, 1886, appellee McBride sued J. H. Tolbert, as administrator of W. R. Morrison, upon a promissory note, as follows:

"VERNON, WILBARGER Co., TEXAS, September 12, 1883.

"One year after date I promise to pay C. M. Byars three thousand and twenty-five dollars without interest. After maturity, 12 per cent till paid.

[Signed]                                      "W. R. MORRISON."

It was alleged that the payee Byars had transferred the note to plaintiff; that Morrison died January 14, 1885. That on May 18, 1886, the note, properly authenticated, was presented to J. H. Tolbert, as administrator of Morrison, as a just claim against said estate, but that defendant refused to allow the same or any part thereof, and by writing thereon rejected it.

May, 1887, by amended petition, it was alleged that the note was executed for a valuable consideration, and that it was transferred to plaintiff by the payee Byars for a valuable consideration on the 12th day of September, 1883, and that plaintiff is still the owner and holder of the note.

The defenses were general demurrer, special exceptions that the amendment set up a new and different cause of action to that originally declared

on, and by exceptions pleaded limitation, general denial, limitation of ninety days after rejection of the claim; answer under oath impeaching the consideration of the note.

Judgment May 28, 1887, for plaintiff, from which Tolbert appeals. The opinion contains a sufficient statement of other matters in the record.

*H. Clay Thompson, W. W. Flood,* and *McGhee, Litterley & Elliot,* for appellant. — 1. An amended pleading that sets up a new and different cause of action will be barred by the statute of limitation, if in the interval between the filing of the suit and amended pleading the period of limitation prescribed by law has elapsed. 1 Pars. on Con., art. 6; Hall v. York, 22 Texas, 641; Life Ins. Co. v. Davidge, 51 Texas, 244; Jones v. Holliday, 11 Texas, 414; Hardison v. Hooker, 25 Texas, 92; Rev. Stats., art. 2028; Wooldridge v. Hathaway, 45 Texas, 380; McLane v. Belvin, 47 Texas, 493; Coles v. Kelsey, 5 Texas, 42; Gaston v. Boyd, 52 Texas, 282; Burks v. Bennett, 62 Texas, 277.

2. When a note, non-negotiable in form, is silent as to the term value received, or as to the consideration, the plaintiff must not only allege but must prove "valuable consideration." Bircleback v. Wilkins, 22 Pa. St., 26; 2 Greenl. Ev., 13 ed., sec. 172, note 2; Jones v. Holliday, 11 Texas, 412; Life Ins. Co. v. Davidge, 51 Texas, 244; Short v. Price, 17 Texas, 397–403; 1 Wait's Act. and Def., pp. 575, 608; 1 Pome. Eq., secs. 70, 383, note and cases cited.

3. Where the defendant in an action on a non-negotiable note pleads want or failure of consideration (he being an administrator) under oath as provided by statute, the burden of proof is on the plaintiff to show consideration, it being a presumption of law that such paper was transferred after maturity. Prescott v. Johnson, 8 Fla., 391; Brashear v. Martin, 25 Texas, 202; Franklin v. Smith, 1 Posey's U. C., 230; Solomon v. Huey, 1 Posey's U. C., 265.

4. The holder of a non-negotiable note in an action thereon is not entitled to a judgment unless he makes proof on the trial that it was assigned to him and that he gave value for it. Merrill v. Smith, 22 Texas, 53; Ross v. Smith, 19 Texas, 171; Merlin v. Manning, 2 Texas, 351; Short v. Price, 17 Texas, 397, 403.

5. The representative capacity of an administrator must be proved when sued as a defendant unless admitted in the pleadings. Rev. Stats., art. 2264; 2 Greenl., sec. 339.

6. In a suit against an administrator of an estate it is necessary to allege and prove a demand upon and refusal of the administrator to allow the claim against the estate which he represents. Rev. Stats., arts. 2028, 2036; Cummings v. Jones, Dall., 531; Fulton v. Black, 21 Texas, 424; Hall v. McCormick, 7 Texas, 269.

*Dave McBride,* for himself. — 1. If it appear in the original petition that the defendant is sued on a valid cause of action, however defectively stated in the petition, the statute of limitations in his favor is interrupted and stopped.   Killebrew v. Stockdale, 51 Texas, 529; Thompson v. Swearengin, 48 Texas, 555; Jones v. George, 56 Texas, 152; Hanrick v. Hanrick, 63 Texas, 618; 62 Texas, 321; Id., 536.

2.   A plea impeaching the consideration of a contract in writing does not throw upon the plaintiff the burden of proving a consideration, but it is incumbent upon the defendant to establish his plea by proving want of consideration; and in all cases the burden of proof rests upon the defendant to establish the truth of his plea.   Sayles' Pl., secs. 124, 152; Knight v. Holloman, 6 Texas, 153; Rev. Stats., arts. 266, 267, 271, 272; Thompson v. Cartwright, 1 Texas, 87; McMillan v. Croft, 2 Texas, 397; Watson v. Flanagan, 14 Texas, 354; McAlpin v. Finch, 18 Texas, 834; Willis v. Bullitt, 22 Texas, 330.

3.   It is not necessary to allege or prove the representative character of the defendant unless specially denied.   Sayles' Pl., sec. 53, and cases there cited.

COLLARD, JUDGE.—The appellant concedes that the averments of the original petition were sufficient except in the following particulars: It did allege that the note was made, executed, and delivered, but failed to allege that it was so done for a valuable consideration; it did allege that it was transferred to plaintiff by the payee for a valuable consideration after its execution, but failed to state the precise date; and it failed to allege that plaintiff was still the owner.   The amendment cured these defects by formal allegations, and appellant insists that in so doing a new cause of action was set up, which being done more than ninety days after the note as a claim against the estate had been rejected by the administrator, was barred by the limitation prescribed by the statute in such cases.   We can not agree to this.   The original suit and the amendment set up the same note, the same liability, and the same right in the plaintiff.   The omission of formal allegations in the original petition as stated were amendable, and the amendment related back to the filing of the original petition.   Thouvenin v. Lea, 26 Texas, 613; Kendall v. Riley, 45 Texas, 20; 56 Texas, 152.

A promissory note imports a valuable consideration, and none need be proved, even when a sworn answer is filed impeaching the consideration, where no evidence is offered to support the plea.   The filing of the plea does not shift the burden of proof.   Nor does the holder to whom a note is endorsed in full have to prove that he paid value.   He is *prima facie* a holder for value.   Defendant offered no evidence in support of his pleas.   In such case the production of the note, with the endorsement, makes a *prima facie* case.   Jones v. Holliday, 11 Texas, 413; McAlpin

v. Finch, 18 Texas, 835; Watson v. Flanagan, 14 Texas, 353; Harris v. Cato, 26 Texas, 339; Knight v. Holloman, 6 Texas, 153; Rev. Stats., arts. 266, 267, 271, 272.

Appellant insists that there was error in the judgment, because there was no proof that he was the administrator of the estate. No such proof was required. He had not put the matter in issue by a special plea that he was not the administrator, and the general denial did not put the fact in issue. 3 Wait's Act. and Def., 270; Will. on Ex., 1654, 1655; 3 Chitty Pl., 940, note; Cheatham v. Riddle, 12 Texas, 112.

Appellant also contends that there was no proof that the claim was presented to the administrator and rejected by him, and therefore the judgment was erroneous. There is a rejection of the claim endorsed on it on May 16th, 1886, by J. H. Tolbert. He did not sign "as administrator of the estate" sued, and there was no evidence that he was the person sued as administrator, or that he was in fact the administrator. It is the law that to maintain the suit it must be averred and proved that the claim was presented to the administrator of the estate and rejected. Fulton v. Black, 21 Texas, 425; Hall v. McCormick, 7 Texas, 278; 43 Texas, 624. But the statute provides that "the memorandum of the executor or administrator endorsed or annexed to such claim may be given in evidence to prove the facts therein stated, without proof of the handwriting of the executor or administrator, unless the same is denied under oath."

The endorsement on the claim in this case must be deemed sufficient to prove the presentation and rejection of the claim, in the absence of a sworn denial of the fact. It is true J. H. Tolbert is not proved to be the identical person sued and who answers as defendant, but in the absence of proof it would be presumed that he is the same person. He was alleged to be the administrator, or J. H. Tolbert was alleged to be such administrator, the claim was alleged to have been presented to and rejected by him, and J. H. Tolbert answered the suit as defendant. If there were two persons of the name, and the one sued was not the person who signed the memorandum endorsed on the claim, it was the duty of defendant to show it. Such facts will not be presumed.

Finding no error in the judgment of the court, we conclude it ought to be affirmed.

*Affirmed.*

Adopted November 12, 1889.