GULF COAST TRANSP. CO. v. DILLARD.

(Court of Civil Appeals of Texas. Galveston. Jan. 9, 1914. Rehearing Denied Feb. 5, 1914.)

1. CARRIERS (§ 132*)—DAMAGES TO SHIPMENT —BURDEN OF PROOF.

In an action against a carrier for damages to a shipment of rice delayed in transportation, the burden was on plaintiff to show, not only that the damage occurred in transit, but to show the market value of the rice in the condition in which it should have been delivered to the consignee, and also its market value in the condition in which it was delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. § 132.*]

2. CARRIERS (§ 134*)—DAMAGES TO SHIPMENT —PROOF OF AMOUNT.

In an action against a carrier for damages to a shipment of rough rice delayed in transportation, evidence of the consignee's account sales of the rice after it had been milled, and more than three months after receipt of the shipment, was insufficient as proof of the market value of the rice in its condition when it reached its destination, within the rule requiring plaintiff to prove such value as the basis for damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. § 134.*]

Appeal from Liberty County Court; J. B. Simmons, Judge.

Action by G. S. Dillard against the Gulf Coast Transportation Company and another. From a judgment against the defendant named, it appeals. Reversed and remanded.

A. W. Marshall, of Anahuac, for appellant. E. B. Pickett, Jr., of Liberty, for appellee.

McMEANS, J. G. S. Dillard brought this suit against the Gulf Coast Transportation Company, a corporation, and the Texas & New Orleans Railroad Company, to recover damages for alleged injury to a shipment of rice from a point on Old river in Chambers county to the city of Houston, alleged to have been caused by improper handling, delay, and failure to protect the same from the weather. The case was tried before a jury, and resulted in a verdict and judgment in favor of the defendant Texas & New Orleans Railroad Company, and in favor of plaintiff against the defendant Gulf Coast Transportation Company for $313.07, from which the last-named defendant has appealed.

The plaintiff alleged, in substance, that on or about November 14, 1910, plaintiff delivered to the defendants 531 sacks of Honduras rough rice, which contained 608 barrels, at warehouse No. 4, of Old River Rice Irrigation Company, in Chambers county; that the defendants then and there accepted said rice to be safely and securely carried by them to the city of Houston, in Harris county, Tex., for a reasonable and proper compen-

sation to be paid on the delivery thereof; that said shipment of rice was to be carried by the defendant Gulf Coast Transportation Company from said warehouse by barge to the town of Clinton on Buffalo bayou, in Harris county, and from thence by the defendant Texas & New Orleans Railroad Company to the city of Houston for delivery to the consignee, the Standard Milling Company. Plaintiff charged that defendants wrongfully and negligently failed to properly and safely transport said rice with due diligence and speed, but through their negligence and carelessness allowed said rice to remain for an unreasonable length of time unprotected from the weather, and on that account said rice was exposed and suffered serious damage, so that when it finally reached Houston, about December 20, 1910, it had greatly depreciated in value. Plaintiff alleged that had said rice been properly and promptly carried to Houston, it would have reasonably been worth a market value of $2.75 per barrel, making a total value thereof of $1,620, but by reason of the negligence of the defendants in transporting same said rice had been damaged and deteriorated until it could be sold on the market for only $1,358.93, being the sum of $313.07 less than its market value had the same been promptly and safely transported. The allegations of the petition in regard to the shipment, number of sacks shipped, delay in transportation, and failure of the carrier to protect the rice against the weather, whereby it became damaged, were substantially proved as alleged. The evidence shows that the rice was shipped from warehouse No. 4 of the Old River Rice Irrigation Company in Chambers county on November 14, 1910, consigned to the Standard Milling Company in Houston, and that the shipment was not delivered to the consignee until December 26, 1910, and that when delivered it had been damaged to a considerable extent. The evidence sufficiently shows that the rice at the time and place of shipment was of a high grade, classing as No. 1, and that its market value at the time and place of shipment was $2.75 per barrel, and at Houston it was about 11 cents per barrel more.

[1, 2] By an appropriate assignment of error appellant contends that the evidence did not warrant the rendition of a judgment against it, for the reason that the evidence did not show the reasonable market value of the rice in the condition it was when delivered to the consignee. The measure of damages for goods injured in the course of transportation is the difference in the market value thereof in the condition they should have arrived at destination, had they been handled expeditiously and with care, and the market value in the condition in which they did arrive. This being the rule, it was incumbent upon plaintiff, not only to show that the

rice, or a part thereof, was damaged in transit, but to show the market value of the rice in the condition in which it should have been delivered to the consignee had it been transported expeditiously and with care, and also the market value of the same in its damaged condition when delivered. Plaintiff, recognizing this rule, attempted to make the requisite proof, and did sufficiently prove the market value of the rice in Houston had it not been damaged in course of transportation, and attempted to prove the market value of the rice in the condition in which it reached its destination by introducing in evidence the account sales of the consignee, the Standard Milling Company; but such account sales did not show the market value of rough rice, it being such when delivered to the consignee, but of the rice after it had been milled, and such account sales were dated March 28, 1911, and April 4, 1911, respectively, more than three months after the consignee had received the shipment. Unless the dates of the account sales shall be taken as the date upon which the milled rice was sold, there is no evidence to show when the sale was made. We think the account sales as evidence were lacking in that definiteness of proof of market value at the time and place of delivery required by the rule above stated, and as the proof was not otherwise made, the plaintiff did not discharge the burden resting upon him to show to what extent he had been damaged. For this reason the court should have granted defendant's motion for a new trial.

All the assignments of error urged by appellant have been carefully examined by us, but, other than the error indicated, we think the record discloses none that is reversible.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.