GULF COAST TRANSP. CO. v. DILLARD.
(No. 23.)

(Court of Civil Appeals of Texas. Beaumont. April 6, 1916. Rehearing Denied July 3, 1916.)

COURTS ☞170 — JURISDICTION — COUNTY COURT—AMOUNT CLAIMED—INTEREST.

While interest prayed for in a suit for damages is a part of the cause of action and included in determining the amount in controversy, where the county court properly acquired jurisdiction by the filing of the original petition in which the damages prayed for including interest was less than $1,000, the maximum jurisdiction of the court, it retained jurisdiction over an amended petition on remand of the case, although the amended petition asked for an amount, including interest, in excess of $1,-000, because it is the same cause of action originally filed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ☞170.]

Appeal from Liberty County Court.

Suit by G. S. Dillard against the Gulf Coast Transportation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. W. Marshall, of Anahuac, for appellant. E. B. Pickett, Jr., of Liberty, for appellee.

MIDDLEBROOK, J. This is a suit filed in the county court of Liberty county June 7, 1912, plaintiff alleging in his petition that he was damaged in the sum of $313.07, with interest thereon from January 1, 1911, at 6 per cent. for damages to a shipment of rice which he delivered to appellant, a common carrier, about November 14, 1910, to be transported from Mont Belvieu to Houston, Tex.; alleging that, had the rice been properly and safely transported to Houston, its value would have been $2.75 per barrel, there being 608 barrels of rice in the shipment, worth $1,662, but that by reason of appellant's negligence, the rice was damaged in transit, so that when it reached Houston, on or about December 20, 1910, it was worth only $1,-358.93 on the market, the damages alleged being the difference in the market value of the rice at the time it was delivered to the railroad company and the time it was delivered by the railroad company in Houston. The case was tried upon those pleadings, and judgment was rendered for the plaintiff in the sum prayed for. The defendant appealed from that judgment, and the cause was reversed and remanded. See 163 S. W. 635.

When the case came on to be tried a second time in the trial court, plaintiff, appellee herein, on the 19th day of October, 1914, filed his first amended original petition, which contained the same allegations that were contained in the original petition with reference to the shipment of the 608 barrels of rice, and with reference to their being damaged by appellant in transit, but alleged the market value of the rice to be $2.86 per barrel, and of a total value of $1,738.88, and that when the rice reached Houston, the market value thereof was not more than $1.50 per barrel, or the sum of $912, being $826.88 less than its market value at the time it was delivered to appellant, and in this supplemental petition, plaintiff prayed for $828.88 damages, with interest thereon from January 1, 1911, at 6 per cent. per annum. The appellant answered the amended petition by general demurrer and general denial. The case was tried on January 11, 1915, before the court, without the aid of a jury, and judgment was rendered in favor of the appellee for the sum of $379.95, with interest thereon from January 1, 1911, at 6 per cent. per annum, the total judgment being the sum of $471.75.

The undisputed facts show that appellee received the sum of $1,358.93 for the rice in its damaged condition from the milling company. It shows also that $2.86 per barrel was the correct value of the rice in good condition, as received by the railroad company, and that the 608 barrels of rice were worth $1,738.88, and the judgment of the trial court is the difference between $1,738.-88, original market value of the rice, and $1,-358.95, the amount received by appellee for the rice in its damaged condition, to wit $379.95, with 6 per cent. per annum interest thereon from the 1st day of January, 1911, making the sum of the judgment $471.75.

The appellant assigns only one error in his brief, which is:

"The county court should have granted a new trial herein for the reason that the court had no jurisdiction to hear and determine this cause."

His proposition of law under this assignment is as follows:

"The pleadings of the plaintiff must be looked to, to determine the jurisdiction of the court. The maximum jurisdiction of the court is $1,-000. In a damage suit, or any case except where by contract interest is provided for, if interest is recoverable at all, it is recoverable as a part of the damage itself, and is included in the amount determining the amount in controversy, and when plaintiff asked for judgment by pleading filed October 19, 1914, for the sum of $826.88, with 6 per cent. interest thereon from January 1, 1911, it amounting, at the time of the filing of the amended petition to the sum of $1,015.45, he was asking for judgment beyond the jurisdiction of the county court."

Appellant's assigned error is well taken, if the facts and proceedings in the trial court will sustain the assignment, and his proposition of law, as quoted above, is a correct and terse statement of the law governing petitions originally filed, in which the amount sought as damages, together with 6 per cent. per annum interest from any date prior to

the filing of the suit, would make an amount, at the time of the filing of the suit, in a sum greater than the jurisdiction of the county court, to wit $1,000.

In none of the cases cited by appellant, nor, so far as we have been able to find, is it held by our appellate courts, nor the Supreme Court, that accrual of interest in a cause of action, while the case is pending in the courts, will defeat the jurisdiction of the trial court; on the other hand, the rule is well established that if the trial court had jurisdiction at the time of the filing of the suit, for the amount prayed for in the petition, with legal interest added thereto up to the time of the filing of the petition, and a judgment is rendered for an amount within the jurisdiction of the trial court, that the trial court had jurisdiction of the cause of action. On the day this suit was filed, June 7, 1912, the amount sued for in the amended petition, $826.88, with interest from January 1, 1911, at 6 per cent., to June 7, 1912, would have amounted to the sum of $898.15. Our courts have always held that interest prayed for in a suit for damages, although pleaded in verbage and terms as interest, is in fact a part of the cause of action, and the interest pleaded in the instant case, as stated by appellant, is a part of the cause of action; but the 6 per cent. added to the original amount pleaded at the time of the filing of the petition, as has already been shown, does not increase the original amount prayed for to a sum greater than the jurisdiction of the county court. We think, therefore, the trial court did not err in overruling appellant's general demurrer, and in refusing a new trial on the grounds set out in appellant's assigned error. S. A. & A. P. Ry. Co. v. Barnett, 27 Tex. Civ. App. 498, 66 S. W. 474; Rotan Grocer Co. v. M., K. & T. Ry. Co., 142 S. W. 623; St. L. S. W. Ry. Co. v. Dolan, 84 S. W. 393; Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054.

The doctrine announced above, and in the authorities cited, is not vitiated on account of an amended petition filed during the pendency of the suit. The county court having acquired jurisdiction by the filing of the original petition, it retained jurisdiction over the amended petition, which was filed October 19, 1914, because it is the same cause of action originally filed, the pleadings so determined it, and the cause of action that was reversed by the Court of Civil Appeals hereinbefore cited. Ft. Worth & D. Ry. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Tolbert v. McBride, 75 Tex. 95, 12 S. W. 752. See, also, authorities cited in these cases. It would necessarily follow that after a court has once acquired jurisdiction, it must retain such jurisdiction, and render the judgment that is proper and just under the facts and pleadings of the case. Ablowich v. Greenville Nat. Bk., 95

Tex. 429, 67 S. W. 79, 881; Nashville, C. & St. L. Ry. Co. v. Grayson Co. Nat. Bk., 100 Tex. 17, 93 S. W. 431.

Appellee cites a number of other authorities in his brief, but for all issues presented to us for consideration, we think what we have said, and the authorities cited, make a full and complete disposition of the case, as it is presented before us.

No error appearing, the case should be affirmed; and it is so ordered.