## METTS et ux. v. WAITS. (No. 7230.)

Court of Civil Appeals of Texas. Austin.
June 27, 1928.

Rehearing Denied July 14, 1928.

**1. Limitation of actions 🔑127(4)—Supplemental petition, pleading in detail true consideration for note sued on in response to exceptions and answer denying consideration, did not set up new cause of action barred by limitations.**

Supplemental petition, pleading in detail true consideration for note sued on in response to defendants' exceptions to original petition and verified answer setting up want and failure of consideration, *held* not to set up new and different cause of action barred by statutes of limitation.

**2. Bills and notes 🔑437—Building contractor's payment of his debt to bank which indorsed to him owner's note held as additional security, did not discharge note as between contractor and owner.**

Building contractor's payment of his debt to bank, which indorsed to him owner's note, held by it as additional security, did not affect agreement between contractor and owner under which note and trust deed were executed, nor discharge note as between them; *debt to bank being for owner's benefit.*

**3. Bills and notes 🔑214—Assignee need not show consideration for genuine good-faith assignment of note sued on.**

It was unnecessary for building contractor, suing on owner's note, held by bank as additional security for contractor's debt, to show payment of consideration for bank's genuine good-faith assignment of note and trust deed to contractor.

**4. Bills and notes 🔑496(1)—Defendants' plea of want of consideration for assignment of note to plaintiff imposed no additional burden on latter.**

Defendants' sworn plea of want of consideration for assignment of note sued on to plaintiff imposed no additional burden on latter; burden of establishing want or failure of consideration being on one pleading it.

**5. Evidence 🔑441(7)—Evidence of oral agreement held not inadmissible as varying written contract providing for payment of stated sum "in part consideration" of construction of improvements.**

Evidence of oral contract in addition or supplemental to written building contract, providing for payment of stated sum by owner to contractor "in part consideration" of construction of improvements, thus indicating existence of other considerations, *held* not inadmissible as varying terms of written contract.

**6. Trial 🔑351(5)—Submission of question involving same issue as submitted issue not objected to was unnecessary.**

Where no objection was made to submitted issue of intent to abandon homestead, it was unnecessary to submit question offered by appellants involving same issue in effect.

**7. Homestead 🔑181(2)—Exclusion of wife's testimony as to her intentions in moving from homestead held not error; husband's intentions controlling.**

In suit to foreclose trust deed on property claimed as homestead, there was no error in excluding wife's testimony as to what her intentions were in moving from property; husband's intentions controlling in absence of any contention that he acted in fraud of wife.

**8. Bills and notes 🔑530, 534—Note sued on controls rate of interest and attorney's fees.**

Various items, accounts, etc., involved being merely for purpose of determining balance due on note, on which recovery was had, defendants' contention on appeal as to rate of interest and attorney's fees are inapplicable; note itself controlling such items.

**9. Trial 🔑351(5)—In absence of objection to submitted issue as to credits on note sued on, submission thereof in form of cross-action was unnecessary.**

Where no objection was made to submitted issue as to whether defendants were entitled to any other credits on note sued on than those admitted by appellee, it was not necessary to submit such issue again in form of cross-action as requested by defendants.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by J. W. Waits against A. E. Metts and wife, in which defendants filed a cross-action. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 286 S. W. 923.

Baker & Weatherred, of Coleman, for appellants.

Jenkins, Miller & Wilson, of Brownwood, for appellee.

BAUGH, J. Waits sued Metts and wife for a balance due on a note, originally for $1,000, executed by them to the Coleman National Bank, and by it indorsed to Waits, and for a foreclosure of a deed of trust lien on certain lands situated at Bangs, in Brown county, given by Metts and wife to secure the payment of said note.

The appellants, defendants below, excepted to the petition on the ground that it failed to show what credits the note was entitled to, and defended substantially as follows:

(1) That said note and deed of trust were executed by appellants to the bank at the request of, and for the accommodation of, Waits and as collateral security to a note for $826.78 then owed said bank by Waits; that, at the time said $1,000 note was executed, Waits had contracted with appellants to build them two houses in Coleman, Tex., and that they had executed and delivered to him a mechanic's and materialman's lien contract for the sum of $2,020 in payment therefor; that Waits represented to them that he needed money to complete said houses, and

would, upon the completion of same, sell said mechanic's lien contract, and with the money realized from such sale pay off and discharge said $1,000 note and the deed of trust, without cost or expense to appellants; that Waits did sell said lien contract, but failed to satisfy said note and get said deed of trust released; and that there was therefore no consideration for execution of said note and deed of trust as between the parties hereto.

(2) That the $826.78 note has been paid, and that the collateral here sued upon thereupon became of no further force and effect.

(3) That the deed of trust was void because the property upon which it was given was then appellants' homestead.

(4) Appellants also filed a cross-action against appellee for $494.27.

By supplemental petition in addition to general and special denials of appellants' allegations, Waits pleaded in full the consideration for the note and deed of trust sued upon as follows:

"That the defendant A. E. Metts was desirous of erecting a home and building in the town of Coleman, Tex., and requested plaintiff to purchase him a lot, and to erect two residences thereon, with the agreement that a loan would be secured from Temple Trust Company for as large a sum as possible for said houses, in order to pay for same, and that said defendant would pay any balance over the amount of the loan secured, and that defendant and his wife would execute, and did execute, the note herein sued on, and the deed of trust securing payment of same, with the understanding and agreement that plaintiff would erect said buildings, and secure the labor and material therefor, and that he would be reimbursed for such labor and material, and for his own labor, and for all matters incident to, or connected with the purchase of said lot, and erection of said buildings, and the moneys advanced to defendant by plaintiff, out of said Temple Trust Company loan, and the balance thereof out of said $1,000 note, secured by deed of trust as hereinabove set out."

Following this, appellee alleged the payment by him for Metts' benefit of an aggregate amount of $2,257.99, and a reimbursement to him by Metts of $1,855.70, which, after deducting a donation by him to Metts of $36, left a balance of $366.29 due him on said note sued upon, and interest and attorney's fees.

The case was submitted to a jury upon special issues, and they found (a) that the agreement as alleged by Waits as to the balance to be paid him on said note and deed of trust was made; (b) that Metts owed Waits a balance of $366.29 under that agreement; (c) that Metts was entitled to no credits on that sum; and (d) that Metts at the time the deed of trust was executed had permanently abandoned said property as a home.

Appellants bring thirty assignments of error and twenty-three propositions. Only a few issues are involved, however, and we shall not undertake to discuss all the questions raised at random in appellants' brief.

[1] The first contention made is that the allegations of appellee's supplemental petition, above set out, set up a new and different cause of action from the note sued upon, that a cause of action not pleaded in the original petition cannot be set up in a supplemental petition, and that such new cause of action was barred by the statutes of limitation of four years. There is no merit in this. The matters set up in said supplemental petition were merely in response to appellants' exceptions, in reply to, and in explanatory denial of, the answer of appellants setting up want of and failure of consideration for said note. The consideration having been denied under oath by appellants, it was proper for appellee to plead in detail the true consideration for the execution of the note and deed of trust.

[2] Appellants also insist that the note sued upon was shown to have been executed only as collateral to a debt owed by Waits, that Waits' note had been paid, and that as a result the note sued upon became of no further validity. The record does not sustain this contention. It was immaterial that Waits owed the bank and that it held the note sued upon as additional security. Waits' debt to the bank was for Metts' benefit. He was to be repaid by Metts. Waits paid the debt to the bank, which turned over to him the security it held, but that did not affect the agreement between Metts and Waits under which the note and deed of trust were executed, nor discharge said note as between them.

[3] Nor was it necessary for Waits to show payment of a consideration for the assignment to him by the bank. Neither the good faith nor the genuineness of the assignment are attacked. That being true, it was immaterial to appellants whether appellee paid the bank any consideration for the assignment. Kenedy Town & Imp. Co. v. First Nat. Bank (Tex. Civ. App.) 136 S. W. 561.

[4] Nor was any additional burden placed upon the appellee by the sworn plea of want of consideration made by appellants to show a consideration for the assignment to him by the bank. The burden of establishing a want or failure of consideration is upon the one pleading it. Tolbert v. McBride, 75 Tex. 95, 12 S. W. 752; Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963; Bell v. Mulkey (Tex. Civ. App.) 248 S. W. 784.

[5] Nor was it error to admit evidence of the oral contract between Waits and Metts entered into by them in addition to, or supplemental to, the written contract to build said houses. This written contract was pleaded by appellants themselves and introduced in evidence by them in their effort to show that there was no consideration for the note and deed of trust. It expressly provided

that the payment of the $2,020 by Metts to Waits was *"in part consideration of the construction of the improvements* and furnishing the labor and material therefor," clearly indicating that there were other or additional considerations, which appellee pleaded, was authorized to prove, and which the jury found. Such testimony did not vary the terms of the written contract.

[6, 7] The jury found that it was Metts' intention to abandon the Bangs property as his homestead when he moved to Coleman with his family. The evidence was amply sufficient to sustain that finding, if, in fact, it does not conclusively show as a matter of law that he did so abandon it. No objection was made to the issue as submitted, and it was unnecessary to submit the question involving in effect the same issue offered by appellants. Nor was there any error in excluding the wife's testimony as to what her intentions were in moving to Coleman. The husband's intentions in the matter control, unless he acted in fraud of his wife. No such contention is here raised. She went with him voluntarily, set up a home at Coleman, solemnly designated the property there as such homestead, and returned to the Bangs property only after foreclosure on it was threatened.

[8] Recovery was not had on an open account, but upon the note. The various items, accounts, etc., involved were merely for the purpose of determining the balance due on the note. Hence appellants' contention as to the rate of interest and attorney's fees are not applicable. The note itself controlled those items.

[9] Appellants' cross-action was also disposed of in the jury's finding that they were not entitled to any credits on the note other than those admitted by appellee. No objection was made to this issue as submitted. It was not necessary to submit it again in the form of a cross-action as requested by appellants.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.