LORENZO COBALLES GANDÍA ET AL., Petitioners and Appellees, *v.* MUNICIPAL COURT OF ARECIBO, Respondent; FÉLIX ROZAS, Intervener and Appellant.

No. 5702. Argued May 17, 1932.—Decided May 31, 1932.

*A. Suliveres Rivera* for appellant. *Luis Mercader* and *J. Córdova Rivera* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On January 17, 1930, Enrique Alcaraz brought suit, in the Municipal Court of Arecibo, on a promissory note against Lorenzo Coballes Gandía, and in the prayer of the complaint he demanded judgment for $404.64 as principal and accrued interest thereon at the rate of 12 per cent per annum until final payment of the debt, together with costs and $50 stipulated for attorney's fees.

The plaintiff moved for and obtained an attachment to secure the effectiveness of any judgment that might be rendered in the action. In ruling on the motion of the plaintiff the Hon. Alberto Brusi, judge of that court, ordered the attachment of enough property of the defendant to cover the principal sum of $404.64, with interest thereon at 12 per cent per annum until fully paid, plus $75 for costs, expenses, and disbursements, and $50 for attorney's fees; all this upon the furnishing of a bond for $800.

After the bond was given by Alcaraz, the marshal of the lower court executed the writ of attachment by levying the same on an automobile belonging to the defendant Coballes Gandía.

Thereafter, on January 21, 1930, upon motion of the defendant and the furnishing of a bond, the attachment levied on the said automobile was ordered discharged, and the automobile was delivered to the defendant.

On February 21, 1930, Félix Rozas filed a motion in the lower court requesting to be substituted for the plaintiff Alcaraz, on the ground that the latter had assigned to him all the claims sought to be enforced under the complaint against the defendant Coballes Gandía.

An answer having been filed, the case went to trial, and on October 4, 1930, a judgment was rendered sustaining the complaint and adjudging the defendant Lorenzo Coballes Gandía to pay to Félix Rozas, substituted for Enrique Alcaraz, the principal sum of $404.64, with interest thereon at the rate of 12 per cent per annum until fully paid, costs, and $50 for attorney's fees.

On January 7, 1931, Félix Rozas, as substituted plaintiff, applied for the forfeiture of the bond given by the sureties Teodoro Delgado and Baldomero de León, in favor of Coballes Gandía, to discharge the attachment levied on the latter's automobile, and in deciding the motion the Hon. Puro Girau entered the following order: "Motion granted. Let the proper writs of execution be issued. Arecibo, January 12, 1930. (Signed) Puro Girau."

On January 15, 1931, the municipal judge made an order forfeiting the said bond and directing the issuance of execution on the judgment.

The foregoing facts, stated by the District Court of Arecibo, constitute a true and accurate narrative of the proceedings had in the Municipal Court of Arecibo. We wish to add that the motion for substitution filed by Félix Rozas was granted by the municipal court on May 20, 1930.

The petitioners alleged that the Municipal Court of Arecibo lacked jurisdiction to take cognizance of the case because the amount involved exceeded $500; also that the court abused its discretion and committed a procedural error in

permitting Félix Rozas to act as plaintiff, before passing on the motion for substitution, and in rendering judgment on January 15, 1931, forfeiting the bond without giving the petitioners an opportunity to be heard.

The District Court of Arecibo issued the writ prayed for, and finally rendered judgment annulling the proceedings had in the Municipal Court of Arecibo.

The court based its decision on the ground that the municipal court was without jurisdiction to hear the case, by reason of the amount in controversy.

In the complaint filed in the municipal court on May 9, 1928, it is alleged that the defendant subscribed in favor of the plaintiff nine promissory notes, identical in form, each for the amount of $44.96, with maturities on the 9th day of every month, beginning December 9, 1928, and that the defendant bound himself to the faithful performance of these obligations, and to pay interest at the rate of 12 per cent per annum after maturity. We accept the findings of the District Court of Arecibo in regard to the maturity of the instruments. In said complaint claim is made for $404.64 as principal, $50 for attorney's fees, and interest due or to become due. At the time the complaint was filed the accrued interest amounted to $36.71, which added to the principal sum of $404.64 and $50 for attorney's fees, aggregated $491.35. This was the total sum owed to the plaintiff when the action was brought.

It is clearly evident that the Municipal Court of Arecibo had jurisdiction to take cognizance of this action when the same was instituted. At that time the plaintiff could not have resorted to a district court in order to enforce his credit, as the same did not exceed $500. To prevent him from resorting to a municipal court for the purpose of demanding the performance of the obligation if he saw fit to exercise his right, would be equivalent to denying him the remedy which the law grants to him and which can not be ignored. It may not be argued that the plaintiff, in order

to preserve the jurisdiction of the municipal court, could have waived the interest that might accrue in the future. A party can not be compelled to renounce a right which the law grants him. This is an optional act depending solely upon his will. It may not be argued either that he could have waived the interest accruing during the pendency of the suit and subsequently claim it in a separate action. This would be tantamount to subjecting him, without his consent, to the inconvenience and expenses of another suit. A creditor who has the right to sue in a district court by reason of the amount of his credit, can waive a portion of said credit in order to bring his case within the jurisdiction of a municipal court; but as he cannot capriciously increase the amount in controversy so as to come within the jurisdiction of the district court, when he lacks the right to elect and is obliged to resort to the municipal court, he should not be compelled to forego the interest accumulated *pendente lite* in order to preserve the jurisdiction of the court.

The facts that served as basis for the decision of this Court in the case of *Flesh* v. *Texidor, District Judge,* 27 P.R.R. 813, cited by the District Court of Arecibo, are very different from the facts submitted to our consideration in the instant case. In *Flesh* v. *Texidor* the complaint was filed on May 16, 1919, recovery was sought on a promissory note for $500 due on the last day of December, 1918. The creditor alleged that upon the maturity of the obligation payment had been demanded on the defendant, and he prayed for judgment for the sum of $500 and interest thereon at 6 per cent per annum from January 1, 1919, until fully paid, together with the costs, disbursements, and attorney's fees. It is evident that the debtor was entitled to claim, besides the $500, the interest due from the date when payment was demanded of the debtor until suit was brought. In said case, the creditor could not sue in the municipal court to recover the principal and interest claimed; he necessarily had to bring his action in the district court.

The doctrine established in the case of *Lamas & Méndez* v. *Betancourt,* 16 P.R.R. 265, is not applicable to the case at bar either. In that case, although the amount involved was really $630, only $500 was specified in the complaint. In reducing his claim, the plaintiff thereby impliedly waived the balance of the debt by a spontaneous act of his will. In said case the court could not have rendered judgment for an amount in excess of $500, as no interest accumulating *pendente lite* was involved, and the creditor from the beginning had reduced to that sum the claim made. The municipal court would not have had jurisdiction of the case if the total amount of the debt had been claimed when the complaint was filed.

In the case decided by the Municipal Court of Arecibo, the whole of the obligation amounted to less than $500 when the action was brought. In the case of *Lamas & Méndez* v. *Betancourt, supra,* this Supreme Court held that a creditor may bring an action in a municipal court provided the sum claimed does not exceed that fixed by the law as the limit of the jurisdiction of such court, which sum, at the present time in Puerto Rico, is $500. "If the debt is greater, even though this be proved at the trial, the judgment cannot exceed the sum claimed and the remainder of the debt cannot be enforced later, but must be deemed to have been remitted." It may clearly be seen that this doctrine is applicable to the case of a creditor who, owning a credit in excess of $500, limits his claim to an amount which permits him to file his action in the municipal court. By reducing his claim, the creditor, by a voluntary act waives the excess, and it is only natural that in such a case the court cannot render a judgment in excess of the sum claimed. When interest *pendente lite* is involved, the case is very different. In such a case the creditor waives nothing; he claims what is lawfully owed to him; he submits to the jurisdiction of the municipal court because the amount of the aggregation does not exceed $500; and once such jurisdiction is acquired it will not be

ousted by reason of the fact that the interest accrued *pendente lite* added to the principal would aggregate more than $500.

In *Martin* v. *Payne*, 114 Pac. 486, the Supreme Court of Colorado upheld the doctrine that the accumulation of interest *pendente lite* does not divest the court of jurisdiction once the same has attached. In that case the principal sum sought to be recovered by the plaintiff from his partner was less than $2,000. From the judgment rendered in the county court the defendant appealed to the district court, where a referee was appointed to hear and determine the issues, and report findings of fact and conclusions of law. The referee found that the plaintiff was entitled to recover from the defendant the sum of $1,577.22 with interest amounting to $883.26. The report was approved and judgment rendered for the sum of $2,460.48.

From the opinion of the court in that case we transcribe the following:

''In the oral argument it was urged that as the action was originally commenced in the county court, the district court was without jurisdiction to render a judgment in excess of $2,000. The complaint filed in the county court alleged that on settlement of the partnership affairs the sum due the plaintiff would not exceed $2,000. The finding of the district court is that the principal sum due plaintiff was $1,577.22, as of date November 15, 1900. Interest on this sum down to the date when the action was originally commenced, added to the principal as ascertained by the district court, would aggregate less than $2,000. The amount fixed as the limitation of the jurisdiction of the county court means the amount due the plaintiff at the time of bringing his action. The accumulation of interest *pendente lite* will not oust such jurisdiction. *Denver Brick Mfg. Co.* v. *McAllister*, 6 Colo. 326. On appeal to the district court the latter tribunal has the same jurisdiction that the county court had; that is to say, it had jurisdiction to pronounce any judgment which the county court might have entered.''

As may be seen, the amount claimed in said case at the time suit was brought was less than $2,000, which was the sum fixed as the limitation of the jurisdiction of the county

court. Judgment was rendered for $2,460.48, which included the interest accumulated *pendente lite,* and the Supreme Court of Colorado affirmed the judgment on the grounds stated in its opinion.

In *Gulf Coast Transp. Co.* v. *Dillard,* 187 S. W. 975, the Texas Court of Civil Appeals, after declaring that the accrual of interest during the pendency of an action does not defeat the jurisdiction of the trial court, said:

"It would necessarily follow that after a court has once acquired jurisdiction, it must retain such jurisdiction, and render the judgment that is proper and just under the facts and pleadings of the case."

As we have previously stated, if the plaintiff in this case had not brought suit in the Municipal Court of Arecibo he would have been without a remedy. Such a situation may frequently occur because when there is involved a claim for an amount approximating $500, with legal or stipulated interest thereon, it is likely that when judgment is rendered the total of the principal sum added to the interest accrued *pendente lite* will exceed the maximum amount fixed as the limitation of the jurisdiction of the municipal court at the time suit is brought. The law provides that "a municipal court shall have jurisdiction in all civil matters in its district to the amount of $500, including interest." We are of the opinion that by "including interest" it is meant the interest accrued up to the time the action is commenced.

The petitioners further allege that the Municipal Court of Arecibo abused its discretion and committed prejudicial error in permitting Félix Rozas to act as plaintiff before passing upon the motion for substitution, and in decreeing the forfeiture of the bond without hearing the sureties.

The motion for substitution was filed on February 21, 1930, and decided on May 20 of the same year. It does not appear from the record that the Municipal Court of Arecibo permitted Félix Rozas to act as plaintiff before deciding

said motion, and therefore, the error claimed by the petitioners is nonexistent.

As regards the forfeiture of the bond without hearing the sureties, we must take into account the provisions of section 16 of the Act to secure the effectiveness of judgments, as amended on April 13, 1916 (Act No. 27 of 1916, Session Laws, p. 77).

The Municipal Court of Arecibo, after the judgment became final (*firme*), decreed the forfeiture of the bond and the issuance of an order of execution to enforce the judgment against the property of the defendant, Lorenzo Coballes Gandía, and it directed that the sureties Teodoro Delgado and Baldomero de León be notified.

Section 16 of the Act to secure the effectiveness of judgments, reads as follows:

"After final judgment has been pronounced in favor of a litigant who has obtained a warrant of attachment to secure the effectiveness of said judgment, if said warrant of attachment shall have been suspended or rendered ineffective by virtue of a bond or deposit, the forfeiture of the bond in favor of the aforesaid litigant shall be decreed, and an order of execution against the party sentenced by judgment shall be issued. If the order of execution is returned unexecuted in whole or in part, a new order of execution shall be issued against the bondsmen for the unsatisfied remainder, the procedure established in sections 307 and 312, inclusive, of the Code of Civil Procedure, to be followed against said bondsmen."

It does not appear from the record that the order of execution was returned unexecuted in whole, or in part, nor that any proceeding against the sureties has been taken other than the decree of forfeiture of the bond. The plaintiff has not had as yet an opportunity to enforce his rights against the sureties. When the order of execution is returned unexecuted, then those rights can be exercised. In decreeing the forfeiture of the bond, the municipal court did nothing more than comply with the provisions of the law. When the writ of attachment is suspended or rendered ineffective by

virtue of a bond or deposit, the forfeiture of the bond in favor of the attaching creditor shall be decreed, and an order of execution against the party aggrieved by the judgment shall be issued. The forfeiture of the bond is an act that must precede the issuance of the order of execution. When the latter has been returned unexecuted in whole or in part, a new order of execution shall be issued against the sureties, following the procedure prescribed by sections 307 to 312, inclusive, of the Code of Civil Procedure.

For the reasons stated, we are of the opinion that the judgment appealed from should be reversed without special imposition of costs.