## THRASHER v. NOVY.

### No. 8894.

Court of Civil Appeals of Texas. Austin. March 6, 1940.

Robert B. Thrasher, of Austin, for appellant.

Hart & Brown, of Austin, for appellee.

## McCLENDON, Chief Justice.

Appeal from a judgment upon a directed verdict in favor of plaintiff in a suit upon an open account by Novy (doing business under the name of Austin Metal & Iron Company) against Thrasher in his capacity as administrator of the estate of W. W. Callaway, deceased.

Appellant urges three propositions which challenge the sufficiency of the evidence to establish: (1) That Callaway was dead and appellant had been appointed and had qualified as his administrator; (2) that the claim had been presented and (3) rejected by the administrator.

We consider these propositions together since the record showing thereon is interrelated.

The petition alleged Callaway's death, the appointment of the administrator by the county court of Travis county, and that he had qualified and was acting as such. The original claim duly verified by Novy was attached as an exhibit to the petition. It bore the following endorsements:

"The State of Texas,
"County of Travis.

"I, Robert B. Thrasher, Administrator of the Estate of W. W. Callaway, deceased, finding upon an examination of the within claim in favor of Austin Iron & Metal Company against the Estate of W. W. Callaway, deceased, which has been presented to me by the claimant as a claim against said Estate and believing from the facts relating thereto that it should not be allowed, do hereby reject said claim this 1st day of April, 1938.

"Robert B. Thrasher,
"Administrator of the Estate of
W. W. Callaway, Deceased.

"Number 8846. In the County Court of Travis County, Texas. In the Matter of the Estate of W. W. Callaway, Deceased. Claim and Rejection of Claim of Austin Iron & Metal Company. Filed April 2, 1938. Miss Emilie Limberg, County Court, Travis County, Texas. By S. H. Ramsey, Deputy."

The administrator filed an answer in his capacity as such, which was signed "Robert B. Thrasher, Attorney for Defendant," containing: (1) General demurrer; (2) special exception of two years statute of limitations; (3) general denial; (4) plea of two years statute of limitations; and (5) plea "that said debts were never incurred," or (if incurred) had been paid "during the lifetime" of Callaway. This last plea was verified as follows:

"State of Texas,
"County of Travis.

"I, Robert B. Thrasher, attorney for the Administrator of the Estate of W. W. Callaway, deceased, do hereby state on oath that according to information furnished me by the family and heirs-at-law of the said W. W. Callaway, deceased, and according to the best of my information and belief the facts as above set forth are true and correct.

"Witness my hand this 21st day of May, 1938.

"Robert B. Thrasher.

"Sworn to and subscribed before me this 21st day of May, 1938.

"Leila Belle Steck,
"(Seal) Notary Public, Travis County, Texas."

The answer contained no specific denial of the administration or the administrator's qualification.

The original claim, with the above endorsements, was introduced in evidence "for the purpose of showing that the suit was timely brought."

In so far as concerns the first proposition, the answer did not put in issue the existence of a valid administration and the qualification of the administrator, since there was no specific traverse of the allegations of the petition in this regard. This was expressly held in Tolbert v. McBride, 75 Tex. 95, 12 S.W. 752, citing Judge Wheeler in Cheatham v. Riddle, 12 Tex. 112. Appellant cites American L. & M. Co. v. Bangle, Tex.Civ.App., 153 S.W. 662. The holding there was that Art. 1265, R.S. 1895 (now Art. 2010), which requires certain pleas to be verified, relates only to allegations in the petition regarding *plaintiff's* capacity to sue; and has no relations to allegations therein as to *defendant's* representative capacity. In so far as the particular statute is concerned, the holding is correct. No reference was made in the Bangle case to Tolbert v. McBride or the holding therein, which was predicated, not on the statute, but upon general principles of proper pleading. From which we conclude that the point was not called to the court's attention. In this connection we refer to Chief Justice Fly's comment on the Bangle case in Woodward v. Brown, Tex.Civ.App., 252 S.W. 337. See also Schaff v. Nash, Tex.Civ.App., 193 S.W. 469.

Aside from this, however, the admissions in the answer, the verification of plea 5 thereof, and the endorsements on the claim, conclusively establish: (1) The administrator's capacity to be sued as such; (2) presentation of the claim; and (3) its rejection. Appellant's contention of lack of proof in this regard is predicated upon the fact that the claim and endorsements thereon were introduced only to show "that the suit was timely brought." This was the only purpose as to which the endorsements were admissible. It was essential to plaintiff's right (1) to sue and (2) to recover that he (1) allege and (2) prove that the claim was presented to the administrator, was rejected by him, and that the suit was filed within 90 days thereafter. R.C.S. Arts. 3514 and 3522; Johnson v. Loan Co., Tex.Civ.App., 135 S.W.2d

806. Having proved without objection that a properly verified claim was presented to and rejected by the administrator, and that suit was brought thereon within 90 days after such rejection, plaintiff's right to sue the administrator in his representative capacity was established and nothing remained but to establish the existence and validity of the claim. 365 pages of a 410-page statement of facts (costing, incidentally $200) were devoted to that subject; and so conclusive was the evidence thereon that no question is raised in the appeal in that regard, even in the face of a directed verdict.

The trial court's judgment is affirmed. Affirmed.