**KLIESING v. NEUHAUS.**

No. 12661.

Court of Civil Appeals of Texas.

Galveston.

Feb. 11, 1954.

Rucks, Enlow & Kee and Robert C. Koonce, Angleton, for appellant.

Russell Scott and Pat N. Fahey, Houston, for appellee.

GRAVES, Justice.

The appellee concedes that this statement of the nature and result of the trial of this cause below is an adequate one:

"This action was instituted in the court below by appellee against appellant and Ray M. Hay and R. S. Johnson, in which action appellee sought to recover upon a promissory note executed by appellant and Ray M. Hay and R. S. Johnson and payable to appellee. Appellee sought to recover interest and attorney's fees as provided in said note. Appellant answered by general denial and filed a cross-claim against defendants Hay and Johnson and impleaded Regent Aircraft, Inc., alleging that he had received no consideration for said note and that said note was for the use and benefit of the said Regent Aircraft, Inc., and that such facts were known to the appellee at the time said note was signed.

"Appellant further alleged that appellee was given 20,000 shares of stock in the said Regent Aircraft, Inc., by the defendant R. S. Johnson as collateral security for said note. Cross-defendant Regent Aircraft, Inc., answered by special exceptions, and thereafter appellee filed his motion for severance and motion for summary judgment supported by affidavit of appellee.

"Appellant filed his reply to appellee's motion for severance and also answered appellee's motion for summary judgment supported by affidavit of appellant.

"The motion for severance was heard by the trial court and the court granted such motion and severed appellee's cause of action from appellant's cross-claim.

"The trial court then heard appellee's motion for summary judgment and granted same against appellant and the defendant Hay and Johnson on said note. No disposition was made as to the 20,000 shares of stock given as collateral security."

In this Court appellant presents three points of error, contending that the trial court erred (1) because "Appellant's cross-action grew out of and was a part of the same transaction as appellee's cause of action, (2) there were material issues of fact that should be determined by a jury," and (3) the 20,000 shares of Regent Aircraft, Inc., stock were given as collateral security for the note sued on, and should have been disposed of by the judgment. None of the stated presentments, it is determined, should be sustained. Indeed, it seems plain to this Court from the mere statement of the nature and result of the cause below that it plainly required the application thereto of Rule 166-A, Texas Rules of Civil Procedure because there was no material issue of fact raised between the appellant and the appellee; it was simply a promissory note from the appellant to the appellee in return for the latter's furnishing the former $7,000 in money, which had been signed by the appellant and the other two makers with him, R. S. Johnson and Ray M. Hay, and to which such makers had attached shares of stock in the Regent Aircraft, Inc., in which such makers were interested, as collateral security.

In other words, the fact that appellant and his two cosigners of the note they gave the appellee for his $7,000 in money, was—by the three of them—attempted to be secured by the further attachment to the note of some shares in a corporation the three signers claimed to be interested in, did not—so far as the appellee was concerned—raise any questions of fact that he was interested in.

Moreover, the appellant, as his pleadings make manifest, alleged nothing whatever which even negatived the appellee's declared-upon right to recover upon the note he had so received for his $7,000 of money since appellant admitted the making of the note to the appellee and simply alleged that

he had turned over the proceeds thereof to Regent Aircraft, Inc., in which he claimed he and his two cosigners of the note were interested.

These transactions were plainly *res inter alios,* so far as the appellee was concerned, whose right to a straight recovery upon his plain promissory note was clear under these statutes and court holdings: Rule 174(b), T.R.C.P.; McGee v. McGee, Tex.Civ.App., 237 S.W.2d 778, at page 782; O'Brien v. First State Bank & Trust Co. of Taylor, Tex.Civ.App., 239 S.W. 715; Art. 5936, § 60, Vernon's Ann.Civ.Tex.St.

There was further no issue of fact raised, because appellant admitted making the note, together with his cosigners thereof, receiving $7,000 in money as the proceeds thereof, and turning such money over to the aircraft corporation he and his associates were stockholders in. None of these alleged matters constituted the allegation of any fact questioning the liability of the appellant on the note to the appellee. Wherefore, the trial court had before it a complete showing that no issue of fact between the appellant and the appellee had been raised. Beitel v. Beitel, Tex.Civ.App., 109 S.W.2d 345; Felker v. Thomas, Tex.Civ. App., 83 S.W.2d 1055; Art. 5933, § 29 of N.I.A., Vernon's Ann.Civ.Tex.St.; Art. 5936, § 60 of N.I.A., Vernon's Ann.Civ. Tex.St.

Finally, it is also held that under our Texas law the trial court, in the undisputed circumstances shown, was not required to dispose of the appellant's claimed 20,000 shares in Regent Aircraft, Inc., before he could be permitted to have a recovery on a plain promissory note for the appellee's $7,000 in money, which he got.

For the reasons indicated, no further discussion touching this subject need be indulged in, but for the principles of law involved, these authorities may be cited: 6 Tex.Jur. 821, Sec. 183; 6 Tex.Jur. 881, Sec. 222.

These conclusions require the affirmance indicated.

Affirmed.