Javier **OAXACA**, Appellant,

v.

R. D. **LOWMAN**, d/b/a R. D. Lowman, Contractor, Appellee.

No. 5211.

Court of Civil Appeals of Texas. El Paso.

Nov. 21, 1956.

Rehearing Denied Dec. 26, 1956.

**730**

John J. Watts, W. R. Barnes, Odessa, for appellant.

Burges, Scott, Rasberry & Hulse, Schuyler B. Marshall, W. A. Thurmond, El Paso, for appellee Lowman.

Edwards, Belk, Hunter & Kerr, El Paso, for intervenor.

FRASER, Justice.

This is an appeal from a summary judgment rendered in favor of the defendant (appellee) by the Forty-first District Court of El Paso County, Texas. Appellant, Javier Oaxaca, had filed his action for damages against appellee-defendant, basing his action on injuries received while working as a plumber for one N. M. Canfield. Canfield had a sub-contract under the general contract of appellee to construct certain buildings at Fort Bliss, Texas. The Texas Employers' Insurance Association filed its petition as intervenor to recover the sum of $4,477.75, which represented the sum paid plaintiff (appellant) under workmen's compensation benefits. The facts are as follows:

Plaintiff, as employee of sub-contractor Canfield (who had a plumbing, heating and ventilating contract under the general contractor, R. D. Lowman), was engaged in replacing a joint of pipe in the building being constructed by the general contractor. In order to get up to where the pipe was being detached from the connection, plaintiff picked up a large, loose crate which had been left nearby by another sub-contractor. He, the plaintiff, turned this crate up on end, so that it was 8 feet high and about 18 inches thick, then climbed up a nearby ladder and stepped over onto the crate to receive the joint of pipe from an assistant, who was stationed up in the rafters, or beams. Plaintiff testified that he weighed 210 pounds, and the piece of pipe weighed approximately 50 pounds. While standing on this crate, which the plaintiff says was empty, and while handling the piece of pipe, the crate tipped over and he fell, sustaining injuries of which he complains.

Defendant filed his motion and affidavit for summary judgment. Depositions of plaintiff and defendant's superintendent were filed. The court granted this motion. After the summary judgment had been granted, plaintiff filed a motion for a new trial and attached an affidavit thereto.

Appellant charges error, stating that the trial court erred in finding and holding, as a matter of law, that there was no genuine issue, except as to the amount of damages, as to any material fact, and that defendant-appellee was entitled to judgment as a matter of law.

■ We think that appellant's point of error must be overruled. This being a summary judgment case, we are obliged to give the evidence and the inferences therefrom the most favorable aspect reasonably possible with reference to plaintiff's case, and discard contrary evidence and inferences. Even so, we feel that the reasoning and rulings found in Robert E. McKee, General Contractor, Inc., v. Patterson, 153 Tex. 517, 271 S.W.2d 391, controls the disposition of the cause before us.

Plaintiff urges that because the general contractor was required by his contract to keep the premises free and clear from rubbish and debris, that he was, therefore, liable to plaintiff because another subcontractor had left this crate on the premises. We find that the presence of the empty crate, even though it may have been left for two days or more, under the circumstances did not proximately cause the plaintiff's injuries. As is evident from the record and the depositions filed therein, the plaintiff preferred to pick up, move over into position, and use the crate, rather than use a ladder and a movable scaffold that were nearby and available and were there for the purpose of being used as needed. The proximate cause of plaintiff's injuries, then, was his deliberate and calculated rejection of the movable scaffold and putting to an unintended and unforeseeable use the empty crate. The record shows that plaintiff testified that it would have taken a little longer to take down and use the movable scaffold, so instead he picked up the empty crate and, after some discussion between himself and a workman named Puga, stationed up on the beams or rafters, decided that the crate would serve his purpose; and, although he, the plaintiff, assured Puga that the crate was safe, he did ask one Rivera, another workman, to hold it while he was up on it. It cannot be said, then, that the proximate cause of plaintiff's injuries was the mere presence of the crate. It was the unusual and unforeseeable use to which plaintiff put it. In other words, plaintiff had a safe place to work, but deliberately rejected it.

Nor could the general contractor have foreseen that the crate would be put to any such use as was done by plaintiff. His affidavit shows that plaintiff's immediate employer (sub-contractor), was required to furnish the necessary scaffolds and ladders for his men. The record shows that such was available, but was rejected by plaintiff after an intelligent and considered choice. Therefore, we do not think the results could have been reasonably foreseen by general contractor.

It is also obvious from the record that the danger in using the crate in the way he did was as obvious to plaintiff as it could have been to defendant, the general contractor. This was not a concealed danger, as was found in the Henger case, Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853. Plaintiff in his deposition reveals that he had considered the danger in using the crate and had tried to alleviate it, at least to some extent, by having the workman, Rivera, stand at the bottom of the crate and hold it steady; so here we have a risk that is as open and obvious to the plaintiff as it could be or was to the general contractor.

It is also inescapable, due to the circumstances here present, that plaintiff here deliberately and voluntarily assumed the risks attendant to using the crate in the manner he did. Nobody told him to do it, and his deposition shows that he discussed it with the workman who was up in the rafters or beams. Plaintiff's injuries did not result from the passive presence of a hazard similar to the elevator shaft, in the Triangle Motors case, Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60, or the presence of the shaft in the Henger case. Plaintiff here, by his own affirmative action, created his own hazard and then voluntarily assumed the risks attendant thereto.

Lastly, it is clear that plaintiff, by creating his own hazard and then using it, was guilty of contributory negligence as a matter of law. The scaffold was nearby and available; the risk was open and obvious to plaintiff; and yet he rejected the scaffold, prepared the crate for the use to which he put it, and, after discussion as to its safety, climbed up on it and was injured while thereon.

Having found that there were no genuine issues of fact presented by the record, it follows, therefore, that the trial court was correct in granting summary judgment in favor of the defendant. James v. Missouri K. & T. R. R. Co., Tex.Civ.App., 182

S.W.2d 921; Robt. E. McKee, Gen. Cont., Inc., v. Patterson, 153 Tex. 517, 271 S.W. 2d 391; Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853; Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60.

The affidavit filed by plaintiff, and attached to his motion for a new trial, came too late, as the court is charged with the duty only of considering the record as it appears before the court at the time of the hearing of a motion for summary judgment. Rule 166-A, Texas Rules of Civil Procedure; Haley v. Nickels, Tex.Civ. App., 235 S.W.2d 683; Fowler v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373.

Appellant's point is therefore overruled, and the decision of the trial court in all things affirmed.