**Bill JONES et al., Appellants,**

v.

**Ray E. HUBBARD, Appellee.**

**No. 3470.**

Court of Civil Appeals of Texas.

Waco.

April 18, 1957.

Rehearing Denied May 16, 1957.

Morris I. Jaffe and Jay S. Fichtner, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, M. J. Wise, Dallas, for appellee.

McDONALD, Chief Justice.

This is a summary judgment case. Parties will be referred to as in the Trial Court. Plaintiff Hubbard sued defendants Bill Jones (as the general partner) and Bill Jones Aircraft, Ltd., jointly and severally, upon a promissory note of the limited partnership. The Trial Court granted motion for summary judgment in favor of plaintiff against defendants on the note.

Defendants appeal, contending the Trial Court erred in granting plaintiff summary judgment on the note: 1) because there was a genuine fact issue as to whether there was consideration for the note; 2) because there was a genuine fact issue as to whether the note was procured by fraud and misrepresentation; 3) because the Trial Court struck the third party petition of defendants; and 4) because the Trial Court disregarded oral depositions which raised material fact issues in the case.

Reverting to defendants' 1st point—that there was a genuine fact issue raised by the pleadings and affidavits as to whether the note was supported by consideration— the facts are undisputed and are: In May 1953 the Hillcrest State Bank of Dallas made arrangements with defendants to provide a line of credit for the limited partnership. Defendant Bill Jones was the general and plaintiff's sons were the special partners in the limited partnership. Plaintiff executed a written guaranty agreement to the Bank guaranteeing defendants' credit up to $40,000. In July 1955 the de-

fendants owed the bank $19,666 together with accrued interest, which was due and unpaid, and the bank called on plaintiff under the terms of the guaranty agreement to pay off the indebtedness, which plaintiff did. Thereafter plaintiff requested and received from Bill Jones as the general partner of Bill Jones Aircraft the note involved in this suit in the sum of the amount paid to the bank by plaintiff. The bank assigned to plaintiff all rights etc. which it held against defendants.

■ Defendants contend that consideration is always a fact question; that the sworn defense of want of consideration raises a question to be submitted to the jury; and that the only consideration for the note was "past" consideration, which is no consideration at all. It is undisputed that at the time of the execution and delivery of the note by defendants to plaintiff, defendants were indebted to plaintiff in the sum of the note because plaintiff had paid off defendants' debt at the bank. Upon payment of the obligation of the principal, a cause of action arose in favor of the surety. As noted, the foregoing facts are without dispute. Where the evidence is without dispute and uncontroverted the question presented becomes a question of law. Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609; 41B Tex.Jur. 228, par. 192. The cases are numerous where summary judgments have been upheld where the issues were issues which are usually questions of fact but where the admissible evidence establishes the issues as matters of law. See: Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783; Westfall v. Lorenzo Gin Co., Tex.Civ.App., 287 S.W.2d 551; Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729.

■ Now it is provided by statute that a pre-existing debt is consideration for a note. Art. 5933, Sec. 25, R.C.S. provides:

"Value is any consideration sufficient to support a simple contract.

An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

To the same effect are: 7 Am.Jur. 935; 6 Tex.Jur. 652; Turner v. Parker, Tex.Civ.App., 4 S.W.2d 639, Writ Ref.; Hester v. Kemper Military School, Tex.Civ.App., 138 S.W.2d 833.

It follows that we think that since all facts concerning the issue of consideration are without dispute that such issue becomes a question of law, and that plaintiff's paying defendants' obligation at the bank as a matter of law constitutes consideration for defendants' note. See also: Kliesing v. Neuhaus, Tex.Civ.App., 265 S.W.2d 215, and Estes v. Oilfield Salvage Co., Tex.Civ.App., 284 S.W.2d 201, in which cases summary judgments were upheld for plaintiffs on a note over a defense of no consideration.

■ Defendants' 2nd point contends that a fact issue existed as to whether the note was procured by misrepresentation. Defendants assert that the note was executed because of a representation by plaintiff that he would not hold defendants personally liable thereon, and that he wanted the note to show a loss on his income tax return. Rule 166–A Texas Rules of Civil Procedure provides that the affidavits "shall set forth such facts as would be admissible in evidence." Defendants' assertions as to the alleged misrepresentations of plaintiff would not be admissible in evidence under the parol evidence rule, and therefore have no weight in summary judgment practice. A promissory note cannot be contradicted by parol representations of the payee that the maker would not be held liable thereon. 6 Tex.Jur. 956; Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900, Er. Dis.; Bowden v. Partners' Finance, Tex.Civ.App., 278 S.W.2d 866.

Since the parol evidence rule bars defendants from making the defense of

fraud and misrepresentation on the facts alleged, defendants are in the position of a non-moving party presenting no evidence at all upon a summary judgment. It follows that summary judgment was therefore properly granted against this contention.

■ Defendants' 3rd point is that the Trial Court improperly struck defendants' third party petition. Defendants by third party petition sought to implead the special partners of the limited partnership, asserting that they by their actions had become general partners. Defendants failed to get leave of the court to file such third party petition, as required by Rule 38(a) T.R.C.P. The Trial Court, on plaintiff's motion, struck such third party petition. If defendants' theory and assertion be true that the special partners, by their conduct, became general partners, this would not bar plaintiff from asserting his entire claim against the defendants herein. Further, however, the record before us reflects that defendants herein have a suit pending against the special partners in Dallas County at this time, in which suit the relief sought in the third party petition can be obtained if defendants be entitled to same. We cannot say that the Trial Court abused its discretion in striking the third party petition.

Defendants' last point is levelled at the action of the Trial Court in disregarding certain depositions in connection with the entry of the summary judgment for plaintiff. The record shows that hearing on the summary judgment was held on 28 September 1956, at which time the Trial Court granted the summary judgment, but that the *order* was not entered until *26 November 1956*. On *23 November 1956* defendant filed the deposition in question.

■ It is not an abuse of a Trial Court's discretion to refuse to consider affidavits and material filed after hearing of summary judgment. See Oaxaca v. Lowman, Tex. Civ.App., 297 S.W.2d 729; Rountree v. Bridwell, Tex.Civ.App., 269 S.W.2d 824. Further, however, the deposition material contained in defendants' bill of exception is cumulative of matters covered by affidavit and which relate to points 1 and 2. Had the depositions been considered the result would therefore have been the same.

All of defendants' points have been carefully considered and are overruled. The judgment of the Trial Court is affirmed.