**J. W. (Bill) GREEN, Adm'r of the Estate of Mollie E. SMART, Deceased, Appellant,**

v.

**A. C. SMART, Appellee.**

No. 15583.

Court of Civil Appeals of Texas.

Dallas.

March 4, 1960.

Rehearing Denied April 1, 1960.

Abernathy & Orr, McKinney, for appellant.

Allen Clark, Greenville, for appellee.

YOUNG, Justice.

Summary judgment proceedings, pursuant to Rule 166–A, Texas Rules of Civil Procedure. Prior thereto, plaintiff Smart had sued the administrator on three promissory notes aggregating $3,880 plus interest and attorney's fees, rejected by said administrator, who had answered by general denial. Then followed appellee's motion for summary judgment, alleging insufficiency of affirmative defenses and want of genuine

issues on any material fact, with hearing set for September 26, 1958. Hearing was had on that day with judgment for plaintiff as prayed, same reciting however as "signed and entered this the 21st day of October 1958"; the administrator duly appealing.

Appellant's answer to the motion for summary judgment, filed September 24, 1958, alleged the following in substance:

First attaching the affidavit hereinafter quoted; then stating in unsworn pleading that he had reason to believe that at time of execution of notes, the maker Mollie E. Smart was not competent to execute same, but that he cannot make affidavit on personal knowledge to said facts; and praying that the court order a continuance to permit affidavits to be obtained and depositions taken and other discovery measures to be pursued before making final disposition of the motion; that he is the third person to hold office as administrator, not having been personally acquainted with decedent; that when this suit was filed, the estate was not represented by counsel, one being employed on September 22; that the motion should be in all things denied, but in the alternative, asking for a continuance of the proceedings to allow "this defendant and his attorney ample opportunity to pursue discovery procedures open to him to determine all of the defenses available to the estate."

The affidavit attached to said answer reads as follows:

"State of Texas
"County of Hunt

"Before Me, the undersigned authority, on this day personally appeared J. W. 'Bill' Green, who after being by me duly sworn, on his oath, deposes and says: That he is qualified and acting administrator of the Estate of Mollie E. Smart, Deceased, and that in such representative capacity he is the defendant in the Cause of 'A. C. Smart v. J. W. 'Bill' Green, Administrator of the Estate of Mollie E. Smart, deceased, No. 26,374, in the District Court of Hunt County, Texas', and on personal knowledge he states that the plaintiff advised this Affiant that his alleged cause of action grew out of a supposed debt with his Father, who had been dead since about the year 1930, and for which debt Mollie E. Smart was not, during her life time, liable, and that therefore, the basis of plaintiffs alleged cause of action is not supported by a valuable consideration; that Affiant is competent to testify to the matters stated herein."

A Statement of Facts reflecting this entire proceeding, certified to by the Honorable Elisha Myers, Judge, 62nd Judicial District Court, Hunt County, Texas, appears as follows:

"In accordance with the provisions of Rule 377(d), Texas Rules of Civil Procedure, it having been made known to me that the parties herein have failed to agree upon the Statement of Facts, the following is submitted by me as a true and correct Statement of Facts, both on the hearing of the Motion For Summary Judgment filed by the plaintiff and the Motion For New Trial filed by the defendant:

"On The Motion For Summary Judgment

"(1) The parties, upon the hearing, stipulated that the defendant, J. W. (Bill) Green, is the duly appointed, acting and qualified administrator of the Estate of Mollie E. Smart, deceased; that he was appointed by the County Judge of Hunt County, Texas; that Mollie Smart and Mrs. J. W. Smart were one and the same person; that the claim of the plaintiff, A. C. Smart, was presented to the administrator on the 1st day of November, 1957 and was rejected by him on the 25th day of April, 1958.

"(2) Plaintiff introduced in evidence the claim of plaintiff, A. C. Smart, a copy of which is hereto attached and marked Exhibit 1.

"On The Defendant's Motion
For New Trial

"(1) Defendant introduced in evidence a copy of his proposed amended answer, as shown by Exhibit 2 attached, which was in the possession of the Court prior to entry of judgment

"The above and foregoing constitutes a full, complete, and accurate Statement of Facts introduced upon the respective hearings above referred to."

Exhibit 1 above mentioned consisted of plaintiff's sworn claim as filed in Hunt County Probate Court, to which were attached photostats of the notes now in suit; their presentment to the defendant administrator on November 1, 1957, and written rejection by the latter on April 25, 1958. Exhibit 2 was First Amended Answer of the Administrator dated as October 1, 1958 and consisting of the following: (1) Motion to Dismiss Plaintiff's petition for Summary Judgment because not verified as required by Rule 166–A; (2) Sworn plea of non est factum by the administrator relative to the three notes allegedly executed by deceased and asserting that affiant "has reason to believe and does believe that such instruments were not executed by decedent or by her authority"; (3) Further answer was by general denial and three alternative unsworn pleas; (a) that if deceased Mollie Smart executed the notes, she was induced to sign same under mistaken belief that it was as accommodation endorser on notes wherein the plaintiff was the principal obligor that were payable to some third party; it not being her purpose or understanding to execute a note payable to plaintiff; (b) that decedent executed the notes, if she did so, thinking that the promissory notes were payable from the plaintiff to her and not from her to plaintiff;

(c) that at the time decedent executed the notes, if she did, she did not possess the mental capacity and ability to understand the nature of her act and hence not accountable therefor.

Points of appeal will be summarized, (1) of court error in failing to consider defendant's Amended Answer; (2) of error in granting plaintiff's motion for summary judgment when the court had before it defendant's amended answer raising the issue of non est factum; (3) and of mistake; (4) and of decedent's lack of mental capacity; (5) in grant of summary judgment when defendant had raised issues of fact; (6) in court's failure to grant defendant's motion for continuance; (7) in failing to give defendant a complete hearing on the motion for summary judgment; and (8) in grant of plaintiff's motion when his petition and pleading were not verified as required by Sec. 313, Texas Probate Code, V.A.T.S.

Appellee's counterpoints will likewise be outlined: (1) that defendant's amended answer was not before the court at time of hearing the motion for summary judgment nor at time of rendition of same and therefore could not have been considered by the court; (2) no genuine issue of a material fact was raised by defendant in affidavit or otherwise in answer to plaintiff's said motion for summary judgment; (3) that defendant's unsworn answer to plaintiff's said motion was insufficient as a motion for continuance, and (4) that a complete hearing was had on plaintiff's motion for summary judgment; and there being no affidavit filed by defendant raising any defense, no court error is shown or appears in the record, and (5) Section 313, Texas Probate Code does not require plaintiff's pleadings in a suit brought on a rejected claim to be verified.

Preliminary to a discussion of the foregoing points, we should consider the nature and effect of defendant's original answer to plaintiff's motion for summary judgment filed prior to the hearing of September 26,

1958. It consisted generally of unsworn pleading invoking subdivision (f) of Rule 166-A, which provides:

"(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

To such original answer was attached the administrator's affidavit above quoted. Manifestly this affidavit states a conclusion of law (erroneous as appellee contends) even if the administrator had testified to the facts recited. See Article 5933, Sec. 24, Vernon's Ann.Civ.St.; Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558; George v. Union Bank and Trust Company of Fort Worth, Tex.Civ.App., 220 S.W.2d 686. At any rate the suggested defense of failure of consideration was abandoned by appellant in this later amended answer about which the entire controversy centers.

 Intervening September 26, 1958, date of the hearing, and October 21st, when the judgment was signed, appellant had presented to Judge Myers his amended answer, containing the verified plea of non est factum among other defenses not sworn to, along with a motion to amend pleading. It is appellant's contention here, generally stated, that the interval of some three weeks between court hearing and signing of judgment for entry was tantamount to grant of continuance for purpose of 166-A, Subdivision (f); or at least, that as a result of the court's refusal to permit the filing of his amended answer inclusive of plea of non est factum tendered prior to October 21, 1958, he was deprived of a full hearing on the proceeding for summary judgment. Paragraph two of appellant's motion for

new trial bears upon this immediate complaint. It is alleged:

"The Court erred in granting plaintiff's Motion for Summary judgment because the Court did not have a complete hearing on the Motion for Summary judgment; that at the hearing and during the proceedings thereon, it was announced by the Court that the hearing would adjourn and allow the parties additional time; that the defendant understood the ruling of the Court to be the granting of a continuance and that defendant would be allowed to file an Amended Answer to be acted upon by the Court at a later date; that following said adjournment, the defendant was next advised that the Plaintiff's Motion for Summary judgment had been granted by the Court and a copy of said judgment was forwarded to the defendant's attorney."

In the Court's order overruling this motion for new trial are the findings:

"(1) That the facts alleged in the Motion for New Trial are not sustained by the evidence;

"(2) That the Amended Answer sought to be filed by the defendant had not been filed and was not before the Court at the time of hearing of the suit on motion of the plaintiff for summary judgment and could not be considered by the Court; * * *".

It is obviously the position of appellant that the Court's "rendition" of judgment was on October 21, 1958, the date it was signed and entered. But the judgment in question on its face and the Court's above findings are to the contrary, indicating clearly that its "rendition" was of an earlier date—September 26, 1958. "There is a distinction between the rendition of the judgment and its entry in the minutes of the court; each representing a distinct occurrence of fact in the trial of a case. The judgment is that which the court pronounces, and its rendition is the judicial

act by which the court settles and declares the decision of the law upon the matters at issue. The entry of the judgment is the ministerial act performed by the clerk of the court, and by means of which permanent evidence of the judicial act in rendering the judgment is made a record of the court." Kittrell v. Fuller, Tex.Civ. App., 281 S.W. 575, 576 (writ refused). While Rule 306a, provides that for purpose of motions in connection with the time table for appeal of a case, the date of rendition of judgment or order shall be deemed to be the date upon which the written draft thereof is signed by the trial judge, it further provides that the Rule shall not be construed as determining what constitutes rendition of a judgment in any other situation or for any other purpose. Appellee correctly states therefore that "* * * when, as here, the judgment states 'On this the 26th day of September, 1958, came on to be heard, etc.' the date of the hearing and rendition is the 26th day of September, and when it concludes 'Signed and entered the 21st day of October,' this is the entry of the judgment but the date of October 21 can be considered *only* for the purpose of filing motions, etc., and cannot, by the plain terms of Rule 306a, be construed as the date the judgment was rendered. This being true, all the trial court could consider was what was before him on September 26 and not what Appellant wanted to file after that date and before the entry of the judgment. * * *".

The finding of Judge Myers that defendant's Amended Answer was not before the Court at time of hearing on plaintiff's motion for summary judgment was therefore consistent with provisions of Rule 306a; also the adjudicated cases of which Jones v. Hubbard, Tex.Civ.App., 302 S.W.2d 493, 496, is illustrative; there holding:

"Defendants' last point is levelled at the action of the Trial Court in disregarding certain depositions in connection with the entry of the summary judgment for plaintiff. The record shows that hearing on the summary judgment was held on 28 September 1956, at which time the Trial Court granted the summary judgment, but that the order was not entered until 26 November 1956. On 23 November 1956 defendant filed the deposition in question. It is not an abuse of a Trial Court's discretion to refuse to consider affidavits and material filed after hearing of summary judgment. See Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729; Rountree v. Bridwell, Tex.Civ.App., 269 S.W.2d 824."

 Any claim of court action by way of adjournment so as to allow appellant further time to pursue discovery procedures, being expressly refuted by the record, appellant contends that the court erred in refusal of a continuance as contemplated by subdivision (f), Rule 166–A. While we do not believe that the plea for continuance under the subdivision necessitates a strict compliance with all the requirements of Rule 252 T.C.P., relative to formal motions for continuance on grounds there involved, yet the grant thereof in summary judgment proceedings is a matter well within the court's discretion, reviewable only upon abuse. This claim was presented to the administrator in November 1957, kept by him until April 1958 before rejection. Suit was then filed in June 1958 followed by the instant motion on September 12—a period covering more than ten months—; and the court could have well concluded that sufficient time had elapsed prior to the hearing for the administrator to become fully familiar with the rejected claim, inclusive of defenses thereto, if any.

 Appellant argues that in this a summary judgment proceeding, the court's refusal to permit amendment of his answer under the circumstances likewise amounts to an abuse of judicial discretion. Undoubtedly Rule 166–A should be cautiously and temperately applied and is not intended to deprive litigants of their rights to a full

hearing on the merits of any real issue of fact. Boucher v. Texas Turnpike Authority, Tex.Civ.App., 317 S.W.2d 594. And it is quite likely that had the writer of this opinion been the trial judge, the rule would have been given a more liberal construction. But "the mere fact or circumstance that a trial judge may decide a matter within his discretionary authority in a manner different from what an appellate judge would decide if placed in a similar circumstance does not demonstrate that an abuse of discretion has occurred." Jones v. Strayhorn, Tex., 321 S.W.2d 290, 295. The action of Judge Myers in ruling out appellant's belated defenses as reflected by this record has support in the cases heretofore cited; and hence cannot be viewed as arbitrary and amounting to abuse of discretion.

▮ In point 8 appellant argues that under Sec. 313, Probate Code, the suit on a rejected claim must be by verified pleading; and appellee's petition not being supported by affidavit was in turn insufficient to support the judgment as a matter of law. Sec. 313, providing for suit upon any rejected claim states, material here: "When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred. When a rejected claim is sued on, *the endorsement made on or annexed thereto shall be taken to be true without further proof, unless denied under oath.*" (Emphasis ours.)

It is specifically appellant's position that if the italicized wording of Sec. 313, is to be given any meaning at all, it was incumbent on the parties suing on a claim to deny under oath that the claim was properly rejected.

The point is overruled. The claim sued on was one rejected by the statutory representative (administrator) whose name appears endorsed as such. The Section is simply to the effect that such endorsement

proves itself unless the administrator sees fit to deny his signature under oath. The soundness of this construction is demonstrated by the following historical note: That Section 313, formerly Article 3522 V.A.C.S., derives from Article 3449 (RS 1911) which included a further provision as follows:

"and, on the trial of such suit, the memorandum in writing of the executor or the administrator indorsed on, or annexed to, such claim may be given in evidence to prove the facts therein stated, without proof of the hand writing of such executor or administrator, unless the same be denied under oath."

The Supreme Court in Tolbert v. McBride, 75 Tex. 95, 12 S.W. 752, construed above old Article expressly to the effect that the burden was *on the Administrator* to make sworn denial if the claim sued on had not been in fact rejected. Appellee's claim, by the way, had been duly sworn to prior to presentation to the Administrator for allowance or rejection.

All points of appeal are overruled and judgment of the trial court affirmed.