**BOSTON SEA PARTY OF HOUSTON, INC., Appellant,**

v.

**Jerry ARGOVITZ et al., Appellees.**

**No. 17430.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 31, 1979.

Hoover, Cox & Shearer, John Grubb, Houston, for appellant.

Lackshin & Nathan, Bernus Fischman, Houston, for appellees.

Before WALLACE, EVANS and WARREN, JJ.

WALLACE, Justice.

Boston Sea Party of Houston, appellant and plaintiff below, complains of the trial

court's summary judgment for Argovitz, appellee and defendant below. Appellant is lessee and appellee is lessor of a restaurant facility. Defendant Getz, not a party to this appeal, is the owner of a tract of land adjoining the restaurant premises through which runs a sewer line connecting the restaurant facilities with the main sewage lines.

Appellant filed its original petition on May 28, 1978, seeking injunctive relief against appellee and Getz from interfering with appellant's going upon Getz's property for purposes of cleaning out clogged sewer lines. On June 14, 1978, the trial court entered a temporary injunction against Getz. On June 22, 1978, appellee filed a motion for summary judgment alleging that no relief was sought against him and that he was seeking none against appellant. Appellant filed nothing in response to the motion and, on August 21, 1978, it was heard and granted. The trial court made an appropriate entry on the docket sheet.

On December 18, 1978, appellant filed his first amended original petition wherein he nonsuited Getz and pled for money damages against Argovitz for breach of lease. Additionally, appellant filed a motion to set aside the summary judgment. On December 20, 1978, appellee filed a motion to enter the summary judgment previously rendered. At a hearing on January 2, 1979, all motions were heard. The trial court refused to permit appellant to file his first amended original petition. The court signed the summary judgment and the order nonsuiting Getz.

Appellant's points of error 1 through 4 raise two issues; (1) the correctness of the trial court's refusal to permit appellant to file his first amended original petition and (2) the finality of a summary judgment in the absence of an order of severance.

■ We will first consider the trial court's refusal to permit appellant to file his first amended original petition. The summary judgment was rendered on August 21, 1978. The only act required of the trial court, after it orally rendered the order, was the ministerial task of signing a written order. *Green v. Smart*, 333 S.W.2d 880 (Tex.Civ.App.—Dallas 1960, no writ). The consideration of any additional pleadings filed in the interim between the rendition of the order and the act of signing the written order was wholly within the discretion of the trial court. Rule 166–A T.R. C.P.; *Green v. Smart*, supra; *Oaxaca v. Lowman*, 297 S.W.2d 729 (Tex.Civ.App.—El Paso 1956, writ ref'd n. r. e.). In ruling on the motion for summary judgment the court was not obligated to consider the appellant's first amended original petition filed some 119 days subsequent to the date of the hearing. *Axcell v. Phillips*, 473 S.W.2d 554 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.); *Oaxaca v. Lowman*, supra; *McCormick v. Stowe Lumber Company*, 356 S.W.2d 450 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.). We find no error in the trial court's refusal to permit filing of appellant's first amended original petition.

■ A judgment which disposes of all the issues and all of the parties is a final judgment. As of the date of the hearing on the appellee's motion for summary judgment, appellant's only pleading was its original petition wherein it sought no relief against appellee. Appellee asserted no claim against appellant. Appellant subsequently nonsuited defendant Getz and the order of nonsuit was signed and entered on the same day the summary judgment was signed by the court. Thus, all issues as to all parties were disposed of and the summary judgment was a final judgment.

The judgment of the trial court is affirmed.