# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-03-00752-CV
---

**Ramesh Gudur, Appellant**

**v.**

**Texas Department of Health, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. GN001593, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

This case arises from a summary judgment against Ramesh Gudar in a suit he brought under the Texas Whistleblower Act against the Texas Department of Health (the Department). *See* Tex. Gov't Code Ann. § 554.001-.010 (West 2004). We will affirm the judgment of the district court.

## BACKGROUND

Gudur worked for the Department for over sixteen years, both in Austin and in Houston. According to Gudur's pleadings, during the course of his employment with the Department, he "was subjected to retaliation in terms of repeated non-promotion to higher jobs, hostile and unsafe working conditions, pretextual disciplining, down grading of professional status,

being given clerical assignments though a professional employee, negative references, lost opportunities and finally termination." In particular, he alleged that, in August 1998, he expressed his concern to Department managers that his supervisor, Sheryl Guilbeaux, and Peggy Gulledge, another Department supervisor, were traveling at government expense for personal pleasure. As an example, he had mentioned an upcoming trip to Harlingen that the two supervisors had allegedly scheduled.[1] This scheduled trip was cancelled after Gudur questioned its legitimacy. At that time, he believed that Guilbeaux threatened to "get rid of him if he pursued this matter." He asserted that, in retaliation, Guilbeaux "tried to make [Gudur] look bad to the higher manager" and that she cancelled a presentation he organized and had previously received permission to give.

Gudur stated further that Guilbeaux voted against him when serving as a member of committees considering his applications for higher positions with the department and that she advocated to other members of the committees against his applications. She also "made up or distorted events" concerning him. Although he received a positive review from a new program director, Judy Morris, he believed that Morris began engaging in similar behavior toward him after he complained to her about Guilbeaux's actions. He alleged that she also refused to give him major assignments and "marginalized his work and efforts to take on major responsibilities." Later, Gudur applied for a position as Operations Manager; according to Gudur's pleadings, Guilbeaux helped in the eventual hiring of Raymond Turner, a friend of hers, for the position. Gudur asserted that Turner then joined with Guilbeaux and Morris in "harassing" him, "raising trivial objections

---

[1] He thought this trip was suspicious because the airport in Harlingen is close to South Padre Island.

regarding paperwork and 'creating' incidents to discipline and reprimand" him. He also asserts that, after he informed the Department that he had filed a complaint with the federal Equal Employment Opportunity Commission, some Department managers and employees attempted to "entrap and frame" him in order to develop reasons to support his termination.

On January 24, 2000, Gudur filed a letter with the investigations section of the Department's "Office of General Counsel," alleging various acts of "potential fraud/abuse engaged in" by Guilbeaux, Gulledge, and other employees. In particular, he noted a trip to Laredo taken by Guilbeaux and Gulledge in July 1998, the cancelled trip to Harlingen in August 1998, various details about alleged retaliatory actions taken against him, and questions concerning whether proper leave forms were submitted by Guilbeaux, Gulledge, and other employees during periods he described as unexplained absences. On February 2, the Department notified Gudur of its intent to dismiss him from employment because of failure "to maintain effective working relationships" and failure "to communicate with respect." In particular, the Department noted behavior toward other employees and supervisors, screaming, loud disagreements, accusations of lying and use of profanity.[2] On February 24, Charles Pankey, the Department's director of its Office of Equal Opportunity, responded by letter to Gudur's complaints that the Department would be investigating his claims and encouraged him to also seek assistance from the Equal Employment Opportunity Commission and

---

[2] On February 25, the Department amended its notice of intent to dismiss, adding the charge that Gudur used work computers to download sexually explicit material from the internet. In his response to the Department's no-evidence motion for summary judgment, Gudur attached, as evidence of inappropriate usage of the internet by other employees who were not disciplined, an email from a Department employee concerning the availability of tickets to a theater performance in Austin that another Department employee would not be using and was offering for sale.

3

the Texas Commission on Human Rights. The Department terminated him from his position on March 3, 2000.

Appearing *pro se*, Gudur filed this suit on June 1, 2000. The Department filed a no-evidence motion for summary judgment, asserting only that Gudur could produce no evidence that he reported any violation of the law or that he reported a violation to "an appropriate law enforcement authority." *See* Tex. Gov't Code Ann. § 554.002(b); Tex. R. Civ. P. 166a(i). Gudur filed a response, in which he argued that the court could not grant no-evidence summary judgment because there had not been an adequate opportunity for discovery. *See* Tex. R. Civ. P. 166a(i); *see also Dickson Constr. v. Fidelity & Deposit Co.*, 5 S.W.3d 353, 356-57 (Tex. App.—Texarkana 1999, pet. denied). He attached pages of alleged evidence in support of his claim but without any authentication. In addition, he filed a motion to compel discovery, claiming that the Department did not provide answers or documents in response to his discovery.

The district court denied Gudur's motion to compel discovery, granted the Department's no-evidence motion for summary judgment, and taxed all court costs against Gudur. This appeal followed.

## DISCUSSION

Gudur brings three issues on appeal, claiming that the district court erred in denying his motion to compel discovery, in granting the no-evidence motion for summary judgment because there had not been adequate time for discovery, and in taxing costs against him. We will address each in turn.

4

**Discovery issues**

In his first issue, Gudur argues that the trial court abused its discretion in denying his motion to compel discovery because the Department's responses to his request for production and interrogatories were "inadequate, evasive, intended to mislead and were an abuse of the discovery process."[3]

The scope of discovery rests within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex. 1985). An abuse of discretion occurs when the trial court's action is arbitrary, unreasonable, or based upon a gross and prejudicial error of law, *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985), or is without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless Gudur establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). This burden is a heavy one. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* By

---

[3] Gudur complains of the district court's ruling concerning thirty requests for production and ten interrogatories.

attacking the trial court's order on the abuse-of-discretion ground, Gudur has assumed the heavy burden of establishing that the trial court lacked the discretion to make the decision entered because the facts and law required a different decision. *See Johnson*, 700 S.W.2d at 917-18; *Midkiff v. Shaver*, 788 S.W.2d 399, 402 (Tex. App.—Amarillo 1990, no writ).

In this case, the Department produced a list of documents it was making available to Gudur in response to his requests for production.[4] It answered some interrogatories and objected to others on the bases that they were overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not related to Gudur's cause of action. The district court denied Gudur's motion to compel regarding each request for production. It also found some of the interrogatories had been answered and sustained the Department's objections on others. On appeal, Gudur argues that the district court abused its discretion because the Department's objections were general and not specific and that his requests and interrogatories were not overbroad and were reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 193.2(a). He also complains that the district court had no legal basis on which to deny his motion on thirty of his requests for production.

Gudur's request for production contained 58 requests concerning the Department's practices, records concerning his activities while employed by the Department, and records concerning the activities of other employees from 1996 until 2003. For example, he requested witness statements from Morris and Guilbeaux concerning all communications regarding any

---

[4] In its brief, the Department states that the documents amounted to over 1000 pages. Gudur has not made those documents part of the appellate record.

employment references requested about him, computer use history of thirty-four employees over the course of almost eight years, records concerning non-work related faxes sent by any employee during the same eight-year period, all documents concerning Gudur's applications for promotions during a four-year period, personnel files of any other employee who had filed a whistleblower suit against the Department during a nine-year period, personnel documents of other employees who received jobs for which Gudur applied, whistleblower complaints filed by other employees during a twelve-year period, and other similar documents. The record also contains the Department's response, in which it lists documents it made available to Gudur in response to the requests for production, documents not made part of record. Gudur's first set of interrogatories contained twenty-five questions, asking for similar information.

We have reviewed the record carefully and are unable to conclude that the district court abused its discretion in denying Gudur's motion to compel. We overrule Gudur's first issue.

**No-evidence motion for summary judgment**

In his second issue, Gudur asserts that the district court erred in granting the Department's no-evidence motion for summary judgment. In particular, he argues that he presented evidence raising a fact issue concerning damages, that he was prevented from providing evidence on other elements because he did not have adequate time for discovery, that the burden of proof had shifted to the Department, *see* Tex. Gov't Code Ann. § 554.004 (West 2004), and that he raised genuine issues of material fact concerning the reason for his termination.

A no-evidence summary judgment is essentially a pretrial directed verdict; thus, we apply the same legal sufficiency standard in reviewing the no-evidence summary judgment as we

7

apply in reviewing a directed verdict. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *See Fort Worth Osteopathic Hosp. v. Reese, Inc.*, 148 S.W.3d 94, 99 (Tex. 2004); *Cantu v. Texas Workforce Comm'n*, 145 S.W.3d 236, 239 (Tex. App.—Austin 2004, no pet.). A no-evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

We note at the outset that the Department's no-evidence motion for summary judgment attacked only two elements of Gudur's claim—that he reported a violation of the law or that he reported a violation to an appropriate law enforcement agency. *See* Tex. Gov't Code Ann. § 554.002. The issue of damages was not within the scope of the motion. Therefore, we will not consider damages when reviewing the district court's judgment. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).

We now consider Gudur's argument that he was prevented from providing evidence because he did not have adequate time for discovery. When a party contends that it has not had an adequate opportunity for discovery before a summary-judgment hearing, it must file either an

8

affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *TemPay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 521 (Tex. App.—Austin 2001, pet. denied). The record in this case indicates that Gudur did not seek either form of relief.[5] Therefore, his contention concerning adequate time for discovery is waived.

We next turn to Gudur's assertion that the burden of proof on summary judgment rested on the Department because he was terminated within 90 days of making a report of a violation of the law. *See* Tex. Gov't Code Ann. § 554.004. The essential elements of a whistleblower claim are: (1) a public employee acting in good faith makes a report; (2) the report involves conduct violating a law by the agency or a public employee; (3) the report is made to an appropriate law enforcement authority; and (4) the public employee suffers retaliation for making the report. *Id.* § 554.002; *Duvall v. Texas Dep't of Human Servs.*, 82 S.W.3d 474, 478 (Tex. App.—Austin 2002, no pet.). In its no-evidence motion for summary judgment, the Department asserted that Gudur

---

[5] The record contains a letter requesting a continuance, but it was not verified and is attached to Gudur's response to the motion for summary judgment. The record also contains an unsigned, unnotarized "affidavit" attached to Gudur's motion to compel discovery. In this document, Gudur asserts that a separate, signed document was "faxed separately since it could not be faxed via computer." We have examined the record but have not found the referenced affidavit. In any event, the "affidavit" in the record does not explain the need for further discovery. *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *TemPay, Inc. v. TNT Concrete & Constr., Inc.*, 37 S.W.3d 517, 521 (Tex. App.—Austin 2001, pet. denied). *Pro se* representation does not excuse an appellant from complying with applicable rules of procedure: "Neither is [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *see also Laubach v. Chunn*, 2003 Tex. App. LEXIS 5319, at *2 n.2 (Tex. App.—Austin June 26, 2003, no pet.).

lacked evidence that he had reported a violation of the law and that he lacked evidence that he had reported such a violation to an appropriate law-enforcement authority. Both claims concern Gudur's burden to prove elements under section 554.002; the burden would not shift to the Department until Gudur satisfied this initial burden. *See id*. § 554.004(a). In other words, a plaintiff's showing that he reported a violation of the law to an appropriate law-enforcement authority is the means by which a plaintiff establishes the right to the statutory presumption that the retaliation occurred "because the employee made the report" if terminated within 90 days of making the report. *See id*. We thus reject Gudur's argument that the burden had shifted to the Department for purposes of this summary judgment.

Finally, Gudur argues that he submitted sufficient evidence to raise a genuine issue of material fact whether the Department "retaliated against the Plaintiff when it dismissed and terminated him from his job after his whistle blowing."[6] In response, the Department states that Gudur failed to properly authenticate the evidence attached to his response to the no-evidence motion for summary judgment. Thus, it asserts that Gudur presented no evidence in response to the motion.

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). On the other hand, a defect in substance cannot be waived by failing to object or obtain a written order. *Bauer v. Jasso*, 946 S.W.2d 552, 557 (Tex. App.—Corpus Christi 1997, no writ); *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 160 (Tex. App.—Waco

---

[6] We will construe this challenge to be narrowly focused on the points raised in the Department's motion.

10

1995, no writ); *Kotzur v. Kelly*, 791 S.W.2d 254, 256 (Tex. App.—Corpus Christi 1990, no writ); *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex. App.—Houston [1st Dist.] 1987, no writ). Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary-judgment evidence. *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied) (citing *St. Paul Cos. v. Chevron, U.S.A., Inc.*, 798 S.W.2d 4, 5 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd by agr.)). A complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal. *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.); *Medford v. Medford*, 68 S.W.3d 242, 246 (Tex. App.—Fort Worth 2002, no pet.).

To prevail on his whistleblower claim, Gudur must show that he is a public employee, he acted in good faith in making a report, the report involved a violation of law by his employing governmental entity or a public employee, the report was made to an appropriate law enforcement authority, and he suffered retaliation for making the report. *See* Tex. Gov't Code Ann. § 554.002(a); *Duvall*, 82 S.W.3d at 478. The "good faith" component in sections 554.002(a) (good faith report of legal violation) and (b) (good faith belief that report is made to an appropriate law enforcement authority) has subjective and objective prongs. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320-21 (Tex. 2002).

In response to the Department's no-evidence motion for summary judgment, Gudur submitted a letter he submitted to the Department's "Office of General Counsel," in which he asserted that among "some unlawful acts and acts of potential fraud/abuse" were the Laredo trip

11

taken by Guilbeaux and Gulledge in July 1998 and unreported leave time taken by Gulledge and "friends" of Gulledge and Guilbeaux. He also reported what he believed to be retaliatory measures taken against him by Guilbeaux. In that letter, he asserted that he drafted the letter in response to a conversation he had with an investigator, Lonzo Kerr. In addition, Gudur submitted documentation from the Department's Office of Criminal Investigation[7] that it has responsibility for investigating alleged Department "employee misconduct which may be violations of [Department] policies and procedures or violations of law" and fraud or "other unlawful conduct involving [Department] resources, funds, property or programs." He also submitted emails, employee calendars, Guilbeaux's notes concerning his work performance, his termination letters and responses, employment evaluations, and a complaint form he claims he submitted to the EEOC. These documents were not authenticated in any way and thus do not constitute competent summary-judgment evidence.[8]

---

[7] The address for the Office of Criminal Investigations is the same one to which Gudur addressed his letter to the "Office of General Counsel."

[8] Gudur attempted to cure this defect by attaching to his motion for new trial an affidavit stating that "my attachments to my response to Defendant's motion for no-evidence summary judgment are within my personal knowledge and true and correct." On appeal, he argues that this attempt rendered the district court's judgment in error. As a general rule, the trial court considers the record only as it properly appears when the motion for summary judgment is heard. *Marek v. Tomoco Equipment Co.*, 738 S.W.2d 710, 713 (Tex. App.—Houston [14th Dist.] 1987, no writ). However, it is within the trial court's discretion whether to consider pleadings and affidavits filed after the motion for summary judgment is heard but before the summary judgment is entered. *Id.*; *see also Boston Sea Party of Houston, Inc. v. Argovitz*, 583 S.W.2d 465 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ); *Aztec Pipe & Supply Co., Inc. v. Sundance Oil Co.*, 568 S.W.2d 401, 403 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Summary judgment evidence may be filed late, but only with leave of court. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). A party must obtain an order from the court granting leave to file, or the evidence will not be considered as part of the record. *Id.*; *see also* O'Connor's Texas Rules: Civil Trials, ch. 7-B, § 10.9.5 (2003). Assuming that Gudur's affidavit represents an attempt to enter competent evidence into the record, the court did not enter any order granting Gudur leave to file such evidence. In addition, he attempted to enter the evidence after the district court entered judgment, not just after

Finally, Gudur's response includes a document purported to be a copy of the Department's interrogatory responses but with Gudur's typewritten comments. This document is not signed by an attorney or an employee of the Department. As a result, we are unable to consider the substance of the statements within that document as well.

As a result, Gudur failed to submit any competent evidence in response to the Department's motion for no-evidence summary judgment. We have rejected all his arguments concerning the grant of summary judgment in favor of the Department, and we overrule his second issue.

## Costs of court

In his third issue, Gudur argues that the district court erred in granting costs to the Department. In particular, he argues that he is not able to pay costs because he has been unemployed for over three years and that he should not be taxed costs because the district court erred in denying his motion to compel discovery.

"The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." Tex. R. Civ. P. 141. Rule 141 has two requirements—that there be good cause and that it be stated on the record. Typically, "good cause" has meant that the prevailing party unnecessarily prolonged the proceedings, unreasonably increased costs, or otherwise did something that should be penalized.

---

the hearing. We therefore still may not consider that evidence on appeal.

13

*Furr's Supermkts. v. Bethune*, 53 S.W.3d 375, 376-77 (Tex. 2001). A party's inability to pay court costs is not "good cause" as a matter of law. *Id*. at 378.

In its final order granting summary judgment in favor of the Department, the district court taxed costs of court against Gudur. Nothing in the record supports a finding of good cause to deviate from the requirements of Rule 131. We overrule Gudur's third issue.

## CONCLUSION

We have overruled Gudur's issues on appeal. We affirm the district court's grant of summary judgment in favor of the Department.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   October 21, 2005